GREAT WESTERN RAILROAD COMPANY of 1859, Plaintiff in Error, *v.* JESSE W. HANKS, Defendant in Error.

ERROR TO MACON.

It is erroneous to give instructions which are calculated to mislead the jury, as that affirmative evidence is of greater weight than negative where a witness swears he did not make a purchase, as those but superficially acquainted with the meaning of terms may be thereby misled.

THIS was an action of assumpsit for goods bargained and sold, and goods sold and delivered.

Plea of general issue.

Trial by jury, and verdict for plaintiff below for $337.50.

Bill of exceptions shows, from testimony of *E. D. Walton*, that in July, 1859, he was in company with W. F. Walton and plaintiff, at the house of L. M. Mason, in Decatur; that Mason was agent of defendant for purchasing wood; that he there heard a talk between Hanks and Mason about wood; that plaintiff proposed to sell and Mason agreed to take wood from him for defendant, and pay him as soon as defendant got able; that Mason said he was paying $2.50 per cord; that Mason told Hanks he might put the wood along track of road west of Wycle's switch; that witness afterwards saw plaintiff haul wood and put it at place designated; that Mason told plaintiff he might stack the wood three tiers deep.

*W. F. Walton* stated he was present at same conversation; does not recollect much about it, nor that anything was said about measuring wood; that Mason said they would pay for the wood as soon as they got able; wood was to be stacked three tiers deep on road west of Wycle's switch.

*Hoffman* stated that in August, 1859, Hanks hauled wood on track of defendant, and placed it three tiers deep; that about 135 or 140 cords were so delivered; was worth $2.50 per cord.

Defendants here admitted that during winter of 1859, Mason had paid out large sums of money for wood purchased for defendant.

Defendant produced *L. M. Mason*, who stated that during 1859, he acted as agent for the defendant in the purchase of wood; that in June, 1859, plaintiff wanted to sell him wood for defendant; that he refused to purchase; that he recollects conversation with plaintiff in July, 1859, when Ed. Walton and W. F. Walton, witnesses in this case, were present; that plaintiff then wanted to sell him some wood for defendant; that he refused to purchase, but told plaintiff he might deliver his wood along the line of the road about Wycle's switch, and as soon as

16

defendant was able, and wanted the wood, he would take it; that he would not then receive the wood from him, but as soon as defendant wanted the wood, they would take it and pay for it as soon as they got able. In October or November of same year, saw plaintiff on the road where the wood was stacked, and plaintiff then wanted him to receive the wood and pay for it in the spring following, but he refused to do so; he did not wish to run the risk of the safety of the wood until defendant wanted it; that plaintiff then wanted him to measure the wood and pay him for it when they got able; that he refused to either take it or measure it, but told him he would take it when they wanted it.

*Hoffman* stated that part of said wood had been destroyed by fire, and balance was on the ground where it had been placed by plaintiff.

The above being all the testimony, the court instructed the jury for plaintiff, against objections of defendant, as follows:

The court instructs the jury that if they believe, from the evidence, that plaintiff made a contract with Mason, the agent of defendant, by which plaintiff was to deliver to the defendant a quantity of wood on their road at the price of $2.50 a cord, to be paid when defendant should be able to pay therefor; and if they further believe, from the evidence, that the plaintiff, in conformity with that contract, delivered the wood on the road of defendant, and that said road has since been able to pay for the wood, then the plaintiff would be entitled to recover, and the jury should so find.

If the jury believe there is an apparent discrepancy in the evidence, it is their duty to reconcile it if they can, but if they cannot, then they will give positive and affirmative evidence greater weight than negative evidence.

S. T. LOGAN, and A. J. GALLAGHER, for Plaintiff in Error.

TUPPER & NELSON, for Defendant in Error.

CATON, C. J. As applied to the testimony in this cause, the second instruction was calculated to mislead the jury, and was erroneous. It was this: " If the jury believe there is an apparent discrepancy in the evidence, it is their duty to reconcile it if they can, but if they cannot, then they will give positive and affirmative evidence greater weight than negative evidence."

This instruction could only be applied to the testimony of E. D. Walton and L. M. Mason, who do substantially contradict each other—Walton swearing that Mason did purchase the wood for the railroad company, and Mason swearing that he did not

purchase the wood.  Now here is no negative testimony by either witness.  Mason's testimony that he did not purchase the the wood, is as much positive testimony as it would have been had he sworn that he had purchased the wood.  This instruction gave the jury to understand that there was negative testimony in the case, to which they were not to give the weight of positive testimony, and those but superficially acquainted with the meaning of the terms positive and negative testimony, would of course conclude that the testimony of the witness who swore that a purchase was not made, was the negative testimony.

With the first instruction we see no cause of complaint.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*