## JAMES G. BROWN *et al.*

*v.*

## J. W. LOWELL *et al.*

1. PRACTICE—*time to object to petition for mechanic's lien.* A petition to enforce a lien, under the Mechanics' Lien Law, for materials furnished, which does not state when the work was to be completed and the money paid under the agreement, is bad on demurrer, but if an answer is put in and the case is tried, and the proof shows that the time for the completion and payment for the work was within the time limited by the statute, it is too late to raise the objection to the petition in this court.

2. MECHANIC'S LIEN—*extent of sub-contractor's lien—additional work.* Where the original contract is for a specific sum of money, but with an express provision for alterations and changes in the plans, and an agreement by the owner to pay what is equitable and just, any increased work growing out of such alteration in the plans is not extra work, but is fully within the contract, although not named in the specifications, and the lien of a sub-contractor attaches to the money due for such additional work as completely as to the work done under the specifications.

3. SAME—*rights of sub-contractor not affected by settlement between owner and original contractor after notice to owner.* When the notice provided by statute is served by a sub-contractor on the owner, the previous inchoate lien becomes fixed, and the sub-contractor is not bound by any settlement, payment or agreement made after the notice was served, without his consent.

4. SAME—*when notice may be given, and the effect thereof.* The sub-contractor has the option to give notice, under the statute, to the owner, either within twenty days from the time a payment falls due under his contract, or within twenty days after completing his contract. If given within twenty days after a payment falls due, it will complete his lien from that time, and the owner can not avail of any payment made to the first contractor after that time, to defeat it; but if he delays until within twenty days after completing his contract, he only acquires a lien on whatever the owner may then owe the first contractor.

APPEAL from the Superior Court of Cook county; the Hon. JOHN BURNS, Judge, presiding.

Messrs. WALKER, DEXTER & SMITH, for the appellants.

Mr. DANIEL L. SHOREY, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In the month of January, 1873, appellants entered into a contract with James Barker for the erection of a four-story brick building, with a basement. Barker was to furnish all the materials and erect the structure, they to pay him therefor $28,075. During the progress of the work, Barker purchased lumber of appellees to be used in constructing the house, and not having paid them in full therefor, they, on the 12th or 14th day of July, 1873, gave appellants notice that they claimed and would insist on a lien on the building under the Mechanics' Lien Law. They subsequently filed this petition to enforce it, and recovered a decree for $2879.20 against appellants.

It appears that, whilst erecting the building, various changes were made in the plan of the house, which added largely to the cost of its completion. It is claimed that appellants had paid to the contractor $32,500 before the notice was served on them, and that nothing was owing to the contractor.

It is urged that the petition failed to state when the work was to be completed, and when the money was to be paid, under the agreement, and was, therefore, defective. Had this objection been urged on demurrer, the position would, no doubt, be correct, and it would have been held bad. But appellants preferred to answer the petition and try the case on its merits, and it is too late now to raise the objection. The petition is not so defective as not to be sufficient to sustain the decree. The time for the completion and payment for the work was proved on the trial, and was shown to have been within the time limited by the statute.

It is next urged that the evidence varied from the allegations of the petition as to the time Barker was to pay for the lumber. One witness seems to have stated the time exactly in the manner it was alleged in the petition. Others may have varied slightly, but it was for the jury to determine

which statement was accurate, and we will not disturb the finding on that question.

It is contended that the sub-contractor's lien is only coextensive with that of the principal contractor, and that the lien can not extend beyond the contract price; that, appellants having paid and more than paid the price specified in the agreement, appellees have no lien on the sum earned by the performance of extra work. The agreement expressly provides for alterations and changes in the plans, and appellants expressly agree to pay therefor what is equitable and just. The increased work growing out of a change in the specifications and plans, was not extra work. It was fully provided for in the agreement. Extra work is understood to be that which is performed outside of and independent of the agreement, but this was fully within the contract, although not named in the specifications.

The lien given by the statute to the sub-contractor, then, attached to the money due for this additional work as completely as to the work done under the specifications, because it was as completely within the agreement between the owner and the contractor. It is not necessary, to confer the lien, that the price should be agreed upon for each item in the construction of the building, nor that the amount to be paid should be a fixed sum. Here, the effect of the agreement was, that appellants should pay the sum named, if the work was performed in accordance with the specifications referred to, and if they should be altered, then such sum as should be equitable and just. And in either event, the building would be erected under the terms of the agreement, and the money due and payable under it. We are, therefore, clearly of opinion that appellees acquired a lien on the entire sum due for all the work performed, to secure payment for the lumber they furnished.

It is again urged that there was nothing due Barker under the contract for work, whether inside or out of the specifications, when appellees served the notice on appellants. We

have carefully examined the evidence, and are not prepared to say the jury have been mistaken in their finding. There were a number of witnesses examined, and the evidence is inharmonious. There were important changes made in the plan of the building, which necessarily involved a much larger amount of outlay in materials and labor, and it was for the jury to find, from the evidence, what was an equitable and just compensation for the additional expenditure thus produced. The evidence, we think, fully warrants the finding.

It is insisted that the settlement between appellants and Barker proved that nothing was due him when the notice was served. Appellees could not be bound by any settlement, arrangement or payment made after the notice was served. Their previous inchoate lien then became fixed and fully vested, and could not be removed by the acts of the owner or principal contractor, unless assented to by them. They were not parties to, nor did they in anywise approve, the settlement. Barker could not yield or admit away their lien or rights under it. If he and the owners made a settlement incorrect and to their prejudice, they could show the fact and repudiate it. If the owners were owing Barker at the service of the notice, their lien attached to it, and they can not be prejudiced by the acts of owners and contractors. Appellants admitted that they owed Barker at the time or after the notice was served, and if that be true, and the jury have so found, then appellees were entitled to recover the same, if not more than their claim.

It is contended that the notice was not served in time to preserve the lien. It appears that appellees commenced delivering the material in April, and completed it on the 2d of July, and the notice was served on one appellant on the 12th, and on the other on the 14th of that month. The statute requires the notice, to be binding, "to be served within twenty days after the completion of such sub-contract, or within

twenty days after payment should have been made to the person performing such labor or furnishing such materials."

Lowell testified that lumber was furnished from the 24th of April till the 2d of July. This, then, was within twenty days of the service of the notice. The provision of the statute is in the alternative, and the sub-contractor has his option to give the notice within twenty days after a payment falls due, or within twenty days after completing his contract. If given on the payment falling due, or within the limited time therefor, it would complete his lien from that time, and the owner could not avail of any payment made to the principal contractor after such notice, to defeat the lien of the sub-contractor. But if he delays until within twenty days after he has completed his contract, he only acquires a lien on whatever the owner may then owe the first contractor. He could not thus reach any sum paid after his payment fell due, and before he gave the notice. This seems to be the obvious meaning of this provision, and the notice was given in time.

It remains to consider the instructions of which appellants make complaint.

It is urged as error that the court refused their seventh instruction. This instruction does not exclude the fact that mistakes may have been made or deductions allowed from fair prices, by way of a compromise. In this the instruction was wrong. The law is more accurately stated in the instruction given for appellants, numbered eight.

What we have already said is sufficient to dispose of objections made to the giving, refusing, or modifying other instructions. Those given presented the law fairly to the jury, and the evidence sustains the finding.

The decree of the court below is affirmed.

*Decree affirmed.*