THE MONARCH BREWING COMPANY

*v.*

ANNA M. WOLFORD *et al.*

*Opinion filed April 17, 1899.*

1. APPEALS AND ERRORS—*right of defaulted party to question decree pro confesso.* A defaulted party, on writ of error to review a decree *pro confesso,* may contest the sufficiency of the bill itself or insist that its averments do not justify the decree, but he cannot question the sufficiency of the evidence upon which the court acted.

2. SAME—*when bill for foreclosure sufficiently alleges fraud in former foreclosure.* A bill to foreclose a mortgage and set aside a former foreclosure of the same mortgage, and the redemption therefrom, is sufficient in its allegations of fraud which avers that the complainant is the true owner of the notes secured and always has been, that the former bill was filed in the name of a fictitious person and without the complainant's knowledge or consent, and that the complainant had never adopted such proceeding or derived any benefit therefrom.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. H. V. FREEMAN, Judge, presiding.

SIMEON STRAUSS, and RINGER & WILHARTZ, for plaintiff in error.

LYMAN M. PAINE, for defendants in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

On August 5, 1892, Frank Rezabek, through Theodore H. Schintz, borrowed the sum of $5500, for which he made his principal note for that sum, payable to his own order five years after date. The interest was to be at the rate of six per cent per annum, payable semi-annually, which was evidenced by ten coupon notes of $165 each, all payable to the order of the maker, and these, with the principal note, were by the maker endorsed. To secure the payment of these notes, the maker thereof and his wife made and executed to Theodore H. Schintz their deed of trust of the same date as the notes, conveying certain lands. On April 17, 1895, a bill was filed in the name of Frederick T. Zentner and Theodore H. Schintz, in the superior court of Cook county, to foreclose this trust deed, in which it was alleged that Zentner was the owner and holder of the principal note and the last six of the coupon notes; that the first four coupon notes had been paid, but default had been made on that due February 5, 1895, because of which Zentner had declared a forfeiture, and the principal note, with accrued interest, had become due under the provisions of the trust deed. A decree was rendered on that bill for the sum of $6356.20, and sale ordered. After due notice sale was made of the mortgaged premises to one Thomas Blaha for $7500, which was approved by the court and a certificate of sale made and recorded.

The plaintiff in error had on August 17, 1893, recovered a judgment against the mortgagors for $1055, with costs, in the circuit court of Cook county. Desiring to redeem from the sale the plaintiff in error had issued a *pluries* execution upon its judgment and placed the same in the hands of the sheriff of Cook county, with the requisite amount for redemption, viz., $7951.25. On August 19, 1896, redemption was made, and on sale the amount

of redemption was bid by plaintiff in error and deed was made to it, which was filed for record November 16, 1896.

On August 9, 1897, the defendant in error Anna M. Wolford filed in the superior court of Cook county her bill to foreclose the same trust deed to secure the same notes, alleging she was the owner and holder of the principal note and the last coupon due August 5, 1897, and had always been such owner; that default had been made in the payment of said two last mentioned notes. It was further alleged that the bill of *Zentner* v. *Rezabek* was unauthorized by her; that she had never derived any benefit therefrom; that Zentner was not the owner of said notes, and never was; that he did not procure the filing of the bill nor engage the attorney, Ives, who appeared in that case; that Ives was not solicitor for the owner of said notes, and that Zentner and Schintz had no controversy with Rezabek. In this last mentioned bill the judgment, sale under first decree, the redemption and the execution of the deed are set up, and the decree under which the first sale was made is alleged to be fraudulent and void for being wholly fictitious, and asks to have the decree in the first foreclosure suit, the master's certificate of sale, the redemption and sale thereunder on the *pluries* execution, and the deed thereon, held fictitious, fraudulent and void, and to be declared a cloud on her title and subject to her claim, and prays a foreclosure. The plaintiff in error was made a party defendant with other necessary parties to said bill, and the sheriff made return on the summons of service on the plaintiff in error, a corporation, by delivering a copy thereof to its president.

On October 26, 1897, a default of the plaintiff in error to the bill of defendant in error Wolford was taken and a decree *pro confesso* entered, which decree found the facts and granted the relief prayed for in the bill filed by said Wolford. A sale under this last mentioned decree was ordered and made on November 23, 1897, at which John B. Robertson, who is one of the defendants in error, be-

came the purchaser, which sale was duly approved.  On the face of the record the proceedings under both bills, and for redemption from sale, were regular.

The plaintiff in error sues out this writ of error and asks this court to review the last decree, because, it is claimed, the averments of the bill are insufficient to support the decree.  Plaintiff in error insists that there is no sufficient averment of facts constituting fraud in the bill of defendants in error, but merely the averment that the first decree was fictitious and fraudulent.  It is also insisted the bill contains no sufficient averment that the notes were never out of the possession of complainant.

It is a well settled rule that a defendant to a bill in chancery, where a default and decree *pro confesso* have been entered, may, on error, contest the sufficiency of the bill itself, or that its averments do not justify the decree.  (*Gault* v. *Hoagland*, 25 Ill. 241; *Wing* v. *Cropper*, 35 id. 256; *Martin* v. *Hargardine*, 46 id. 322; *DeLeuw* v. *Neely*, 71 id. 473; *Hannas* v. *Hannas*, 110 id. 53; *North Chicago Street Railroad Co.* v. *Ackley*, 171 id. 100.)  The decree must not be broader than the averments of the bill, and those averments must be such as to justify the relief prayed.  Under a decree *pro confesso*, however, a defendant cannot, on error, allege the want or insufficiency of the testimony, or the insufficiency or amount of the evidence that may have been heard by the court entering the decree.  (*Gault* v. *Hoagland, supra.*)  Where the defendants are persons not under disability and a default is entered, a decree *pro confesso* follows as a matter of course.  Such decree, if warranted by the averments of the bill, is unassailable.

The bill in this case alleges, in substance, that no such person as Frederick T. Zentner exists and that the name is fictitious; that he was not, and never had been, the owner of the notes described in the bill filed in his name; that he did not engage Ives, the attorney who filed the bill, to do so, and that Zentner and Schintz had no controversy with Rezabek.  The bill also alleges that

complainant, Anna M. Wolford, has been the owner and holder of said $5500 note and said trust deed from the time of said loan to Rezabek (August 5, 1892,) continuously until the present time, and is now the legal holder and owner thereof. It also alleges the filing of a bill April 17, 1895, in the name of Zentner and Schintz, against Rezabek, the Monarch Brewing Company, and others, wherein it was alleged that Zentner was the owner of said $5500 note. It also alleges that complainant had no knowledge or information of said suit, and the proceedings under the same, until July 21, 1897; that she never employed Schintz or Ives to file any bill against Rezabek, and that she never adopted said proceeding or derived any benefit therefrom. These are sufficient averments of fraud, and charge specific acts constituting the fraud. The ownership of the notes by this defendant in error is thereby sufficiently alleged.

In *Roth* v. *Roth,* 104 Ill. 35, it was held: "It is not sufficient, as it has often been held by this court, for the purpose of successfully assailing a transaction on the ground of fraud, to charge fraud generally, but the complaining party must state in his pleading and prove on the trial the specific acts or facts relied on as establishing fraud." To the same effect are *Newell* v. *Bureau County,* 37 Ill. 253, and *Smith* v. *Brittenham,* 98 id. 188.

Allegations that a bill to foreclose a mortgage was brought in the name of one not the owner, and without the knowledge or consent of the owner, and by which that owner is deprived of all benefit, are distinct averments of fraud. The averment that complainant was the owner and holder of the notes, and that she had always been such, is sufficient. The averments of the bill were sufficient to authorize the decree, which is not broader than the bill.

We find no error in the record, and the decree of the superior court of Cook county is affirmed.

*Decree affirmed.*