## William Roulet et al. v. J. M. Hogan et al.

1. MECHANICS' LIENS—*Where Compliance with the Statute is Contained in a Supplemental Contract.*—Where a written instrument contained no provision as to the time of the completion of the work or making payment therefor, but such provisions were contained in a supplemental agreement, a mechanic's lien should be allowed when the agreements taken together may be considered as constituting a single agreement in writing, or the supplemental agreement is a new contract by itself.

2. CHANCERY PRACTICE—*What Defendant May Contest on Error Where Default and Decree Pro Confesso Have Been Entered.*—A defendant to a bill in chancery, where a default and decree *pro confesso* have been entered, may, on error, contest the sufficiency of the bill itself, or that its averments do not justify the decree.

3. SAME—*What Can Not Be Alleged on Error Under a Decree Pro Confesso.*—Under a decree *pro confesso* a defendant can not, on error, allege a want or insufficiency in the testimony or evidence heard by the trial court.

4. SAME—*Where Notice of Taking of Testimony is Not Necessary.*— Where a party has been fully represented in all proceedings, he can not complain that he was not personally notified of the taking of testimony.

5. SAME—*Where Facts are Stated in Decree, and Evidence is Not Given in the Record.*—Where the decree states that a hearing was had upon proofs, and the facts are found by the court in the decree, it will bind the defendants, unless the decree purports to give the evidence or refers to it in the record, and upon inspection it is insufficient to warrant the conclusions at which the court has arrived.

**Bill for a Mechanic's Lien.**—Error to the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Reversed and remanded. Opinion filed February 27, 1903.

This is a mechanics' lien proceeding. By this petition defendants in error sought to establish a lien upon certain real estate therein described, alleging that in March, 1897, defendant in error Hogan made a contract with one Frank Buchanan, who then owned the property, by which contract said defendant in error agreed to furnish a portion of a steam heating plant for "your four three-story flat buildings on Adams street, city," then in process of erection; that in September following defendant in error con-

tracted to furnish an extra boiler for said heating plant, and that in October following a supplemental contract was made.

The first two of the written instruments set forth in the petition consist of propositions in writing by defendant in error, each accepted by Buchanan, the then owner of the premises. The first of these, after setting forth work to be done, concludes as follows: "We will do the above work for the sum of twelve hundred and fifty dollars ($1,250), payments to be made as follows: Six hundred and fifty dollars, same to be paid as work progresses, and the balance of six hundred dollars to be paid in ninety days from time the above work finished. This does not include boiler or connections. The above contract accepted this ——— day of March, 1897." It is signed by both parties.

The second contract is for a boiler, and concludes as follows: "We will furnish the above boiler and all the necessary labor for the sum of five hundred and eighty dollars." It is signed in the name of defendant in error, and below is the following: "The above contract accepted this 17th day of September, 1897. Frank Buchanan."

The third or supplemental agreement is as follows:

"This memorandum of agreement, made this 21st day of October, 1897, by and between Frank Buchanan and J. M. Hogan, both of the city of Chicago,

Witnesseth, that, whereas, said J. M. Hogan is engaged in putting in two steam heating plants, one in the premises known as numbers 12 to 20 Stanley Terrace, and the other in the premises known as numbers 1120 to 1126 Adams street, both in the city of Chicago; and,

Whereas, the sum of eight hundred and eighty-seven dollars ($887) is now due on said Stanley Terrace job, and the sum of eighteen hundred and fifty-five dollars ($1,855) will be due on completion of the Adams street job; and,

Whereas, the sum of nine hundred and eighty-four dollars ($984) has been paid to J. M. Hogan by said Frank Buchanan, the owner of said premises;

Now therefore, it is agreed and understood that the sum of eight hundred and eighty-seven dollars ($887) was paid and is to be applied on said Stanley Terrace job, in full satisfaction of the claim of J. M. Hogan against said

premises, said work on said premises being hereby accepted by said Frank Buchanan.

And it is further agreed that the balance remaining out of said nine hundred and eighty-four dollars ($984), to wit, the sum of ninety-seven dollars ($97), shall be applied as part payment on said Adams street job, the receipt of which sum, to wit, the sum of ninety-seven dollars ($97) is hereby acknowledged by said J. M. Hogan.

It is expressly understood that this instrument is in no way to affect the contract on the Adams street job, except in this: that said Hogan agrees to put in two radiators in each flat in said Adams street building, and to put said job in condition to fire up on or before the 25th day of October, 1897, and shall not be required to do any more work after that date on said job, until payment of the sum of one thousand dollars ($1,000), in addition to the payment herein stated, shall be made, and payment of balance over and above said sums on said contract shall be satisfactorily secured.

Given under our hands and seals the day and year first above written.

FRANK BUCHANAN, [Seal]<br>
J. M. HOGAN.        [Seal] ”

To the final decree, and the order denying a petition of plaintiff in error Roulet, he has sued out this writ of error.

JAMES R. WARD, attorney for plaintiffs in error.

The time of performance of services and furnishing materials and the payment of the money therefor, must be determined when the contract is entered into; no alterations and changes which may be made in the agreement after it is entered into, can avail to give a lien. No written or verbal alterations of a written contract after it is entered into, and during the progress of the work required by it to be performed, is sufficient to create a lien allowed by the statute. Freeman v. Rinaker, 185 Ill. 178; Cook v. Heald, 21 Ill. 425.

DUNN & RIPPLE, attorneys for defendants in error.

Parol evidence is admissible to prove a separate oral agreement as to matter about which the writing is silent, when it is not inconsistent with its terms and where it

may be inferred that the writing was not intended as a complete and final statement of the transaction. Razor v. Razor, 39 Ill. App. 527; s. c., 142 Ill. 375; Merchants' Dispatch Transportation Co. v. Furthmann, 47 Ill. App. 566; Stephen, Dig. Law of Ev., Article 90; Greenleaf on Ev., Vol. 1, Secs. 284a, 286.

And such a contract, partly in writing and partly verbal, is in legal effect a verbal or oral contract. Murphy v. Cicero Lumber Co., 97 Ill. App. 510.

Mr. Justice Freeman delivered the opinion of the court.

Defendants in error obtained a decree in the trial court giving a mechanics' lien upon the premises in controversy. Plaintiff in error William Roulet claims title to the premises by warranty deed dated November 29, 1897, from Frank Buchanan, who made the contracts with the defendant in error Hogan, which are set up in the petition. The petition for a lien was filed December 28, 1897, about a month after said Roulet acquired his title. He was made party defendant, and was duly served with summons. He did not appear, however, and was defaulted. The decree awarding the lien was entered January 13, 1902. January 16th, Roulet's appearance was formally entered by his then solicitor, and an application made for leave to file a petition. This was granted and a petition was filed by said solicitor, who had represented of record the trustee named in certain trust deeds on the property, and had also been looking after Roulet's interests, though not before appearing for him of record.

A singular feature of this record is that another petition was filed on the same date, but by whom does not appear. Both petitions seek substantially the same relief, though differing somewhat in form. Their object is to set aside the decree entered and obtain a further hearing for plaintiff in error. The latter of them, however, which is not fathered by any solicitor of record, is the only one appellants' counsel in this court appears to have deemed it worth while to allude to or to call our attention to in his abstract or original brief. It contains statements as follows:

"That said defendants, excepting your petitioner, having been duly served with process" (an implied averment that the petitioner had never been served with process in the cause wherein the petition is filed); "that although it was known to the complainant that this petitioner was the owner of said premises, and that his deed of conveyance was of record in the office of the recorder in Cook County, Illinois, yet in all the proceedings in court and before said master, no notice was ever given to him, and no chance was given him to be present in court or before the master and hear the testimony of witnesses or examine and cross-examine the same or to be heard before said master." There is also a statement that the decree was obtained "without notice to your petitioner and without his knowledge." The solicitor originally acting for plaintiff in error Roulet, and who filed the first of the two petitions referred to, has withdrawn from the case. The petition which he filed, however, states correctly what the supplemental abstract filed herein shows to have been the exact fact, that Roulet had been duly served with process, and that relying on his warranty deed from Buchanan, and the promise of said grantor that he would protect him against this claim for a lien, he, Roulet, allowed his default to be taken." This, according to the affidavit of counsel for defendant in error, was the only petition presented to or acted upon by the trial court, and they assert that it was the only one they ever heard of until the other turns up in the record now filed in this court. However this may be, it is the duty of counsel for plaintiff in error to furnish a complete and reliable abstract. This has not been done. Under these conditions this court is compelled to resolve all doubts in relation to these contradictory petitions against that one for which no counsel appears willing to assume responsibility. It will be presumed, in the absence of anything to the contrary, that the trial court, when it overruled the petition of plaintiff in error, acted upon the petition which states the truth, rather than that which states what is not true. It is not probable that upon hearing, the false peti-

tion, if before the court, could have escaped the notice of court and counsel.

It is now sought to reverse the final decree and the order denying the petition of plaintiff in error Roulet.

It is first urged that the decree should be vacated because, it is said, the written contracts set up in the original complaint contain no provision as to the time of the completion of the work or making payment therefor, and that the work was never fully performed, referring to Freeman v. Rinaker, 185 Ill. 172. This seems to be ·true as to the first two of the written instruments. The third or supplemental agreement, however, contains a provision wherein plaintiff in error Hogan "agrees to put in two radiators in each flat in said Adams street building" in condition to fire up on or before the 25th day of October, 1897, and he is not to be required to do any more work after that date, on the job, until he is paid a thousand dollars, and the balance agreed to be due him on his former contract shall be paid or satisfactorily secured. This we regard as an agreement for what purports to be a new consideration, that $1,000 shall, upon compliance by Hogan with his agreement to put two radiators in each flat on or before October 27, 1897, become due at that time, and that unless said sum shall be paid on that day, and unless payment of the entire sum of $1,855, to become " due on completion of the Adams street job," shall be made or satisfactorily secured on that day he shall be under no obligation to go on with work under any of the contracts until that is done. The agreements taken together may be considered as constituting a single agreement in writing containing a provision as to the time when that part of the work referred to in the supplemental agreement should be performed, and when the sum of $1,000 should be paid therefor. It is, however, of no special importance whether the contracts be so considered as constituting a single agreement or not. The result is the same, if we consider the last clause of the supplemental agreement as a new contract, inasmuch as that clause is itself a complete contract complying with the con-

ditions of section 6 of the mechanics' lien law of 1895. (R. S., Chap. 82, Sec. 6.)

It is argued by counsel for defendants in error that the first two of the written instruments referred to are not the actual contracts of the parties, " but merely a memorandum changed subsequently, and which on its face does not pretend to contain all the terms or conditions." We can not agree with this contention. These instruments purport on their face to be complete contracts, and such they must be deemed. The first one provides for final payment " in ninety days from time the above work is finished," but does not state when the work is to be finished. The second contract fails to state either when the work is to be done or when it is to be paid for. (See, Rittenhouse & Embree Co. v. Barry, 98 Ill. App. 548–560.)

The default of plaintiff in error Roulet was regularly taken after due service upon him of summons. " It is a well settled rule that a defendant to a bill in chancery where a default and decree *pro confesso* have been entered may, on error, contest the sufficiency of the bill itself, or that its averments do not justify the decree." Monarch Brewing Company v. Wolford, 179 Ill. 252–255, and cases there cited. As is said in that case, the decree must not be broader than the averments of the bill and those averments must be such as to justify the relief prayed. Under a decree *pro confesso*, however, a defendant can not, on error, allege a want or insufficiency in the testimony or evidence heard by the trial court. In the case before us the averments in the complaint are, as we have said, such as to justify some part, at least, of the relief prayed. In Brown v. Lowell, 79 Ill. 484–485, it was held that it is too late to raise in the reviewing court an objection that the petition in a mechanics' lien proceeding failed to state when the work was to be completed, and when the money was to be paid, although on demurrer the objection would have been well taken; and it was held that the petition was not so defective as not to be sufficient to sustain the decree, the time for completion and payment having been proved on

Roulet v. Hogan.

the trial.    In the case at bar the decree finds the time for completion and payment, and the petition sets up the three contracts in full.

It is urged that plaintiff in error was entitled to notice of taking testimony, notwithstanding the decree was *pro confesso* as to him.    It appears, however, from the petition of plaintiff in error, that he relied upon the promise of Buchanan, his grantor, to protect him against this mechanics' lien proceeding, and he states that "being afraid lest the fact that his default had been entered in said cause might possibly prejudice his rights therein," he requested the trustee for certain mortgage creditors to protect his interests, and states that he is informed and believes that the solicitor for said trustee has at all times since then been actively engaged in protecting his interests in the litigation, as well as those of the trustee "for whom only he appeared as solicitor of record."    He states that said solicitor filed objection to the master's report and further narrates that his defense was solely one of law, and that "no issues of fact were raised."    Under these circumstances he can not now complain that he was not personally notified of the taking of testimony.    He appears to have been fully represented in all the proceedings, and the rule which it is said entitled him to notice of the taking of testimony before the master, although in default, that he might appear and cross-examine. is not applicable.    As said in Bauerle v. Long, 165 Ill. 340–347·:    "Of this right he was not deprived."    (See, also, Craig v. McKinney, 72 Ill. 305–314.)

It appears from the master's report that some of the testimony taken was not returned by him.    In Wright v. Troutman, 81 Ill. 374–376, it is said :    "We understand the rule to be well settled that where the decree states that a hearing was had upon proofs, and the facts are found by the court in the decree, it will bind the defendants,    *    * unless the decree purports to give the evidence or refers to it in the record, and upon inspection ·it is insufficient to warrant the conclusions at which the court has arrived.    As all the evidence is not incorporated in the record or set

out in the decree, resort must be had to the facts found in the decree to exist." In the case at bar the facts are found in the decree.

What plaintiff in error seeks by his petition is "an opportunity to be heard upon the single question sought to be raised by him," that being, as he says, the question of law whether the contract in writing set up in the original complaint was one which in law entitled the complainants to recover. No complaint is made that plaintiff in error Roulet did not obtain a hearing upon that question, when his petition was overruled in the Superior Court.

Other objections are raised, but we deem it unnecessary to review them. We are of the opinion that the decree is erroneous as to the excess allowed over the sum of $1,000, and interest thereon. As to that sum we are of opinion that defendant in error is entitled to a lien. The decree is therefore reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.