WILLIAM ROULET

*v.*

J. M. HOGAN *et al.*

*Opinion filed June 16, 1903—Rehearing denied October 8, 1903.*

1. APPEALS AND ERRORS—*effect where two contradictory petitions appear in the record.* Where two petitions to open a decree, one denying personal service and the other admitting it, appear to have been filed on the same day by the same party, it will be presumed, on appeal, that the trial court acted upon the one which correctly states the facts disclosed by the remainder of the record.

2. MECHANICS' LIENS—*when a contract is sufficient to authorize lien.* A contract for a heating plant which provides that the contractor shall "put the job in condition to fire up on or before the 25th day of October, 1897, and shall not be required to do any more work after that date on said job until the payment of $1000," and the payment of the balance of the contract price is satisfactorily secured, is sufficient to authorize the allowance of a mechanic's lien for the $1000 specified.

*Roulet* v. *Hogan*, 107 Ill. App. 164, affirmed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

This is a proceeding begun in the superior court of Cook county by J. M. Hogan and others to establish a mechanic's lien.

Frank Buchanan, in March, 1897, was the owner of four flat-buildings on Adams street, in the city of Chicago, then in process of erection. On that date he accepted the proposition of J. M. Hogan to furnish a portion of a steam heating plant, exclusive of the boiler, according to certain specifications, for $1250, $650 of which was to be paid "as work progresses and the balance of $600 to be paid in ninety days from time the above work finished." In September following, a second contract was entered into providing for a boiler, but no time was specified when the work in either of the contracts was to be

commenced or completed. On the 21st of October a third or supplemental agreement was entered into, to-wit:

"This memorandum of agreement made this 21st day of October, 1897, by and between Frank Buchanan and J. M. Hogan, both of the city of Chicago:

"*Witnesseth*, that whereas said J. M. Hogan is engaged in putting in two steam heating plants, one in the premises known as Nos. 12-20 Stanley Terrace, and the other in the premises known as Nos. 1120-1126 Adams street, both in the city of Chicago; and whereas, the sum of eight hundred and eighty-seven dollars ($887) is now due on said Stanley Terrace job and the sum of eighteen hundred and fifty-five dollars ($1855) will be due on completion of the Adams street job; and whereas, the sum of nine hundred and eighty-four dollars ($984) has been paid to J. M. Hogan by said Frank Buchanan, the owner of said premises:

"Now, therefore, it is agreed and understood that the sum of eight hundred and eighty-seven dollars ($887) was paid and is to be applied on said Stanley Terrace job in full satisfaction of the claim of J. M. Hogan against said premises, said work on said premises being hereby accepted by said Frank Buchanan. And it is further agreed that the balance remaining out of said nine hundred and eighty-four dollars ($984), to-wit, the sum of ninety-seven dollars ($97), shall be applied as part payment on said Adams street job, the receipt of which sum, to-wit, the sum of ninety-seven dollars ($97), is hereby acknowledged by said J. M. Hogan.

"It is expressly understood that this instrument is in no way to affect the contract on the Adams street job, except in this: that said Hogan agrees to put in two radiators in each flat in said Adams street building, and to put said job in condition to fire up on or before the 25th day of October, 1897, and shall not be required to do any more work after that date, on said job, until payment of the sum of one thousand dollars ($1000) in addition to the payment herein stated shall be made and payment of balance over and above said sums on said contract shall be satisfactorily secured.

"Given under our hands and seals the day and year first above written.
FRANK BUCHANAN, [Seal.]
J. M. HOGAN.        [Seal.]"

On November 29 following, Buchanan conveyed the premises by warranty deed to plaintiff in error, William

Roulet. The $1000 not having been paid on the 25th day of October, as specified in the last clause of the contract of October 21, work was suspended, and on December 28 the petition for mechanic's lien was filed. William Roulet, the new owner, was made a party defendant and duly served with summons. He did not appear, and was defaulted. The cause was referred to a master, who took the evidence and reported his conclusions, finding the total amount due, including solicitor's fees, etc., to be $1926.29, and the chancellor awarded a lien for that sum, the decree setting forth the evidence upon which it was based. The decree was rendered on the 13th day of January, 1902. On the 24th of that month, as shown by the abstract of the plaintiff in error, a petition was filed by William Roulet, representing, in effect, that he had not been served with process in the cause, and after averring several irregularities in the proceedings, prays that the decree may be vacated and that he may be allowed to present to the court his objections. The additional abstract filed by the defendants in error sets forth another petition by Roulet, filed on the same day, which appears to be a part of the record though not abstracted by the plaintiff in error, and which, although conceding petitioner to have been personally served with summons, prays that the decree be set aside and he "be given an opportunity to be heard upon the single questions sought to be raised by him." From a reading of the petition itself we find that the questions sought to be raised by him were, "namely, that the contract set up in the bill of complaint and offered in evidence before the master was a contract in writing, and failed to specify the time within which work to be done under said contract should be completed or payment therefor was to be made; that no issues of fact were raised, and petitioner was entitled to be heard on such questions of law notwithstanding the fact that his default had already been entered." To reverse that decree William Roulet prosecuted a writ of

error to the Appellate Court for the First District, where
the decree below was held to be erroneous as to the ex-
cess allowed over the sum of $1000 and interest thereon,
that court allowing the lien as to that amount upon the
theory that it was the only sum the time of payment
of which was specified in the contract, while as to the
excess no time was specified. Roulet prosecutes this fur-
ther writ of error to reverse the judgment of the Ap-
pellate Court.

JAMES R. WARD, for plaintiff in error.

DUNN & HAYES, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Why two petitions of the same date and so nearly
alike find their way into the record is not explained, but
inasmuch as the petition not abstracted by plaintiff in
error conforms to the facts as disclosed by the remainder
of the record, we agree with the Appellate Court in its
conclusion and resolve all doubts in relation to these
contradictory petitions against the abstracted one, for
which no counsel appears willing to assume any respon-
sibility. It will be presumed, in the absence of any-
thing to the contrary, that the trial court, in overruling
the prayer of the petition, acted upon the one which cor-
rectly stated the facts. Upon this state of the record
we will only consider such questions raised by plaintiff
in error as can be made by one who has been defaulted
in the proceeding below and who seeks only to question
the decision of the Appellate Court in its construction
of the three instruments constituting the contract.

It is first contended that the three instruments upon
which the petition for mechanic's lien is based contain
no provision as to the time of the completion of the work
or making payment therefor, and that no part of the
amount found by the master as due to defendants in er-
ror can be made a lien upon the premises under section 6

of the Mechanic's Lien act.    As to the first two instruments set forth in the petition, it is true they contain no such provision, and, standing alone, could not properly form the basis for a mechanic's lien. (*Freeman* v. *Rinaker*, 185 Ill. 172.)  But the contract of October 21, 1897, expressly provides that defendant in error Hogan "agrees to put in two radiators in each flat in said Adams street building, and to put said job in condition to fire up on or before the 25th day of October, 1897, and shall not be required to do any more work after that date, on said job, until payment of the sum of $1000," etc., and stipulating for satisfactory security as to the remainder of the contract price.  This is clearly an agreement signed by both of the parties for specified work and for the payment of a sum certain at a fixed time.    If the $1000 could not be paid and security given for further work, nothing more was to be done by the contractor.    When nothing was paid at the time stipulated, the work ceased and the right to a lien became complete.    It would seem that all three of the instruments should be taken together and considered as constituting but a single contract.    But it is of no importance whether they be considered one or three instruments.    The concluding clauses of the last instrument is in itself a complete contract, complying with the conditions of section 6 of the Mechanic's Lien act of 1895.

Other questions are raised by the plaintiff in error as grounds for reversal of the judgment of the Appellate Court, but we cannot consider them, inasmuch as we have already held that the plaintiff in error is confined to only such questions as may be raised by one who has been regularly defaulted below.

From a careful reading of the whole record we are satisfied that the judgment of the Appellate Court is right and that the scope of that judgment is fully justified by the averments in the petition. (*Monarch Brewing Co.* v. *Wolford*, 179 Ill. 252.)  Its judgment will therefore be affirmed.

*Judgment affirmed.*