## The People ex rel. William H. Stead, Attorney General, Appellee, v. Anthony Billburg, Appellant.

### Gen. No. 5,661.

1. INJUNCTIONS—*act punishable as crime.* Equity has jurisdiction to enjoin a public nuisance, though the act constituting the nuisance is also a crime.

2. DRAMSHOPS—*public nuisance.* Conducting a saloon without a license is a public nuisance under section 7 of the Dramshop Act.

3. INJUNCTION—*to abate unlicensed saloon.* An action will lie in the name of the public, to enjoin a person from keeping an unlicensed saloon opposite a public park, where drunken men and dissolute women are accustomed to go from the saloon into the park and interfere with the enjoyment thereof.

Injunction. Appeal from the Circuit Court of Rock Island county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

JOHN LOONEY and J. T. & S. R. KENWORTHY, for appellant.

WILLIAM H. STEAD, L. M. MAGILL, JAMES F. WETTER, JOSEPH L. HAAS and JACKSON, HURST & STAFFORD, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

The attorney-general filed an information in equity in the name of the People against Anthony W. Billburg, and thereunder obtained a temporary injunction restraining Billburg and his employees from selling any intoxicating liquor upon his restaurant premises at No. 223 Twentieth street in the city of Rock Island in less quantities than one gallon, to be drunk upon said restaurant premises, until said Billburg shall be licensed to conduct a dramshop in said restaurant premises by the city of Rock Island. This is an appeal by Billburg from that order.

The bill alleges that appellant formerly ran a restaurant at No. 223 and a saloon at No. 221 adjoining the restaurant on said Twentieth street, and that he sold intoxicating liquors at both places although he only had a license to sell at No. 221, and that thereafter the city authorities refused him a license to further conduct a saloon at No. 221, and that afterwards a license was issued to another person to conduct a saloon at No. 221, and that thereafter, notwithstanding appellant had no license to conduct a saloon in Rock Island, he continued to serve liquors at his restaurant at No. 223; that there was a door through the wall between Nos. 221 and 223 and he procured liquors from the saloon in No. 221 and kept them in an ice box in No. 223 and there served them to his patrons, and declared he will continue to do so. The bill also charges that appellant also conducted said No. 223 as a gambling house and as a house of assignation; and that this is directly opposite and across the street from a public park established by the city of Rock Island and which had been beautified and fitted up to be a place of public resort by the expenditure of much money, and that drunken men and women of ill fame were accustomed to go from appellant's place at No. 223 across the street into the park and occupy the seats therein, and thereby destroyed the usefulness of said park to the general public, and that said restaurant saloon is a nuisance. Affidavits filed with the bill disclosed a very immoral condition at this restaurant. They showed that not more than five per cent. of the people who frequented appellant's place bought any food, but that its almost entire use was as a place to sell liquor and a place for gambling and a place for prostitutes to solicit men, there being rooms provided above by appellant for their use. Before the injunction was granted, an amendment was filed which enlarged upon the character of the park and the injury to the public, but as it was not verified by an affidavit of its truth, it will be disregarded.

Appellant contends that a court of equity has no jurisdiction to enjoin a crime, and that that is all that is done by this injunction. A court of equity has jurisdiction to enjoin a public nuisance at the suit of the public, whom the attorney-general here represents, and the fact that the act may also be a crime does not deprive a court of equity of jurisdiction, as held in Barrett v. Mt. Greenwood Cemetery Ass'n, 159 Ill. 385; Cella v. People, 112 Ill. App. 376, and other cases there cited. The matter here litigated is hardly open to discussion, since the decision in Hoyt v. McLaughlin, 250 Ill. 442, where it was held that a private person who was injured in his property rights by a saloon conducted without a lawful license could have an injunction to restrain the conduct of the saloon, and that if there is no private or special injury caused to an individual, action to abate the nuisance may be instituted by or in the name of the public. Section 7 of the Dramshop Act makes this place a nuisance because not protected by a license and because of the unlawful business there carried on. The facts alleged show that the use by the public of a beautiful park across the street is destroyed by the use thereof by drunken men and dissolute women who go there directly from appellant's place of business. The law holds the keeper of a disorderly house responsible for disorderly conduct in and about the house and even for disorderly acts outside of the house by persons who became intoxicated therein. 14 Cyc. 487. Appellant contends that a prosecution under the dramshop Act is the only remedy of the public, and that by the course here pursued appellant is deprived of a trial by jury. The same criticisms would apply in Hoyt v. McLaughlin, *supra,* and the court there had the provisions of the Dramshop Act before it. It is obvious that in this condition of judicial decision in this State, this injunction was properly granted.

The order is therefore affirmed.

*Affirmed.*