# The People of the State of Illinois ex rel. Wayne H. Dyer, State's Attorney, Appellee, v. Nellie Clark, Appellant.

## Gen. Nos. 5,959, 5,960.

1.   APPEAL AND ERROR, § 711*—*number of records.*  Where there is but one prayer and order for appeal, and but one appeal bond filed and approved, there should be but one record in the cause.

2.   NUISANCE, § 83*—*jurisdiction to abate.*  Where a nuisance exists which injures property rights the owner may apply to equity to have said nuisance abated, and where a public nuisance injures the public welfare the same may be abated in equity at the suit of the Attorney General or State's Attorney, and this applies to a house of ill fame.

3.   NUISANCE, § 83*—*jurisdiction in equity to abate public nuisance.*  While equity has no jurisdiction to punish crime it does have jurisdiction to abate a public nuisance at the suit of a public officer, although a crime may also be committed upon the premises, and this is especially so where prosecutions have been had without resulting in the closing of a disorderly place.

4.   INJUNCTION, § 245*—*when violator not protected from punishment by defects in bill and decree.*  The fact that the allegations of the bill and the findings of the decree are not sufficient to warrant an injunction does not protect a violator of the injunction from punishment therefor.

5.   EQUITY, § 462*—*right to hearing on bill taken as confessed.*  Where a bill is taken as confessed by an adult defendant, such defendant has no right to have evidence produced in support of the bill, but it is in the discretion of the court whether to have corroborative testimony on any or all the allegations of the bill.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Kankakee county; the Hon. CHARLES B. CAMPBELL, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 31, 1914. *Certiorari* allowed by Supreme Court.

T. W. SHIELDS, for appellant.

WAYNE H. DYER and JOHN H. BECKERS, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On December 23, 1912, the People on the relation of the State's Attorney of Kankakee county filed a bill in equity in the Circuit Court of said county wherein it was charged that Nellie Clarke owned and occupied a certain building in the city of Kankakee, the location of which was duly described, and therein kept a house of ill fame and therein kept women for purposes of prostitution, and that prostitution was therein carried on; that she had been several times within two years theretofore arrested and prosecuted, both by the State and the city authorities, for keeping such house of ill fame, and that she had on divers of said occasions pleaded guilty to said charge, and at other times had been tried and convicted of such offense, but notwithstanding such prosecutions, she still continued to keep said house of ill fame, and intended to continue so to do; that the continuation of said place and business had resulted in irreparable injury to the People, had lowered the standard of the citizens of the community, had produced contempt for law, debauched the youthful inhabitants of the community, enticed them from lawful pursuits and educated them in vicious habits, and that if defendant was allowed to continue to keep said house it would drive away law abiding people desiring to become residents in the community, and would make it a center for a congregation of disorderly persons and increase the burdens of police protection to life and property and seriously impair the public health of the commu-

nity; and that the business there carried on in said building was a common nuisance. The bill was not sworn to by the State's Attorney nor did anyone else make an affidavit expressly stating that its allegations were true, but there were affidavits attached to said bill describing various scenes which had taken place upon said premises within the view of the affiants, which amounted to a carrying on of a house of ill fame by Nellie Clark upon said premises. Notice was given to defendant of an application for a temporary injunction, and a temporary injunction was issued and served, restraining said defendant from keeping a house of ill fame at said place. Summons was issued in said case and was served upon said defendant more than ten days before the first day of the January term, 1913, of that court. On January 20, 1913, at said January term, defendant was defaulted and the bill was taken as confessed and a decree was entered which recited that the court had examined the exhibits filed with the bill of complaint (meaning said affidavits) and a finding of facts was made in detail, showing the allegations of said bill to be true, and said temporary injunction was made permanent. No appeal was prosecuted from that decree.

On May 21, 1913, at the May term of said Circuit Court, the People, by said State's Attorney, filed a petition or information in said cause, setting out the proceedings previously had and alleging that since the issuing of said injunction and the entry of said final decree, said Nellie Clark continued to keep a house of ill fame upon said premises in violation of said injunction; and said petition asked an attachment against her to cause her to answer for a contempt of court in not obeying said injunction and to show cause why she should not be adjudged in contempt of court and the petition asked that she be required to answer certain interrogatories therein propounded to her. This petition was not sworn to by the State's Attorney, but there were attached

thereto affidavits stating facts which showed that she was keeping a house of ill fame at that place in violation of said injunction. An attachment was ordered and issued and she was brought into court thereon. Counsel appeared for her and demurred to said petition. Said demurrer was argued and overruled and she was ruled to answer the petition by July 9th. On July 12th, on her motion, she was given leave to withdraw her answer from the files and to answer under oath by July 14th. On July 21, 1913, her answer on file was stricken from the files and she was ruled to file a verified answer or to plead to the information and she did not do so, and was defaulted, and the court heard evidence and the admission of said defendant by her counsel in open court that she could not deny the allegations of the information, and the court found that she had wilfully disobeyed the injunction and, contrary to the terms of said final decree, had used said premises as a house of ill fame and a place for the practice of prostitution and lewdness, and she was adjudged to be wilfully in contempt of court and was sentenced to the county jail of the county for forty-five days and ordered to pay a fine of two hundred dollars and costs, and was ordered committed to the county jail until said fine and costs were paid or she was otherwise discharged by due process of law. On August 9, 1913, other solicitors appeared for her in said cause and asked for time to prepare a motion to vacate such prior proceedings. On August 19th defendant, by said other solicitors, entered her motion to vacate the decree of January 20th, and said order purporting to impose a punishment upon her for a contempt of court, and filed therewith thirty-four written reasons why said motion should be granted. Said motion was argued and taken under advisement. On August 21st said motions to vacate said original decree and said judgment punishing defendant for contempt were each

denied. From that ruling defendant appealed to this court and verified that appeal.

Defendant has filed in this court two records, one in No. 5,959 and one in No. 5,960, which are identical, except in the assignments of error. The errors assigned in No. 5,959 only question the action of the court in taking jurisdiction of the cause, in granting the original injunction, in entering the decree of January 20th and in refusing to vacate the same. In No. 5,960 substantially the same errors are assigned and also errors relating to the action of the court in entertaining said petition for an attachment, and in the action of the court upon said petition, and in refusing to vacate the judgment finding defendant in contempt, and in punishing her therefor. Strange to say, the errors assigned in No. 5,960 are printed in the abstract in No. 5,959 and not in the abstract in No. 5,960. There was but one prayer and order for appeal, and but one appeal bond filed and approved, and there should be but one record in this cause. The validity of the decree entered at the January term could not be inquired into upon a motion at the May term, and we might refuse to consider the errors assigned in relation to said original decree. But, if we did so, the defendant below might sue out a writ of error to review said decree, and we have therefore concluded to consider the entire case as presented.

It is urged that the criminal statutes afford a complete remedy to punish defendant if she has violated the law, in which proceeding she would be entitled to a jury trial; and that equity has no jurisdiction to punish her for a crime and that she cannot in this way be deprived of a trial by jury.

It must be considered as now settled in this State that where a nuisance exists which injures property rights, the owner thereof may apply to equity to have said nuisance abated; and that where a public nuisance injures the public welfare the same may be abated in

equity at the suit of the Attorney General or State's Attorney, and that this principal applies to houses of ill fame. *Hoyt v. McLaughlin*, 250 Ill. 442; *People ex rel. Stead v. Billburg*, 175 Ill. App. 136; *Bucks v. Strawn*, 182 Ill. App. 646. Equity does not have jurisdiction to punish crime, but it does have jurisdiction to abate a a public nuisance at the suit of a public officer, although a crime may also be committed upon the premises; and this is especially so where prosecutions have been had without resulting in the closing of the disorderly place. *Stead v. Fortner*, 255 Ill. 468. The court below had before it a bill in chancery, a complainant and a defendant, and service of process more than ten days before the January term. It therefore at said term had jurisdiction of the parties and of the subject-matter.

It is contended that the allegations of the bill and the findings of the decree were not sufficient to justify an injunction. If this were so, it would not warrant the defendant in violating the injunction, nor save the defendant from punishment therefor. If the bill or decree was defective, the defendant was bound to obey the injunction until she obtained a dissolution thereof or a reversal of the decree, either in a direct proceeding at the same term or by appeal or writ of error. Such supposed defects do not protect the violator of the injunction from punishment therefor. *Franklin Union No. 4 v. People*, 220 Ill. 355.

The bill is ample in its allegations of fact. The affidavits filed therewith sustain all the necessary allegations. Defendant was defaulted. The decree does not recite that any evidence was heard except the exhibits filed with the bill, meaning thereby said affidavits. Where a bill is taken as confessed by an adult defendant, such defendant has no right to have evidence produced in support of the bill, but it is in the discretion of the court whether to have corroborative testimony on any or all of the allegations of the bill. *Farnsworth v. Strasler*, 12 Ill. 482; *Gault v. Hoagland*, 25 Ill. 241

(page 266 of original edition); *Monarch Brewing Co. v. Wolford,* 179 Ill. 252. Therefore the original decree was a valid adjudication between the parties of a matter where the court had jurisdiction, and the findings of facts in the decree fully support the permanent injunction therein granted.

The proceedings against defendant for contempt at the next term show that defendant had a full opportunity to be heard in her defense, and that in open court her solicitor admitted that she could not deny the allegations of the information, and evidence was heard which has not been preserved by a certificate of evidence, and the facts found in the order show that she was guilty of contempt of court in wilfully violating the injunction contained in the final decree, and the punishment inflicted was not unusual or excessive, and no error of the court appears.

She was not punished for a crime, but for violating an injunction abating a public nuisance. The orders appealed from are therefore affirmed.

*Orders affirmed.*