Bingham et al. *v.* Maxcy.

J. L. BINGHAM et al., Plaintiffs in Error, *v.* J. A. MAXCY, Administrator of Preston, Defendant in Error.

ERROR TO MACOUPIN.

The rule of *caveat emptor* is strictly applicable to sales by administrators. The purchaser must inquire into title and quality before purchasing.

THIS cause was heard before WOODSON, Judge, at October term, 1850, of the Macoupin Circuit Court.

W. WEER, Jr., for plaintiffs in error.

J. M. PALMER, for defendant in error.

TREAT, C. J.    This was an action of assumpsit, brought by Maxcy, administrator of Preston, against Bingham and others. The declaration was on a promissory note made by the defendants to the plaintiff in his character of administrator. The defendants pleaded non assumpsit, and gave notice that they would prove on the trial as a defence to the action, " that the note sued on, was given to the said plaintiff as administrator, for the assignment and transfer to the said defendants of the patent right to make, use, vend, and sell in the State of Michigan, Eaton's improved grain thresher and cleaner; the right of which was patented to William Eaton, on the 28th day of July, 1843, and the right of the State of Michigan being, or pretended to have been, assigned to the intestate Noah Preston; said defendants herewith file the specifications accompanying said patent right, and make them part of this notice, in which are set forth the pretended combinations and improvements in the machinery aforesaid, and which said defendants say were neither new nor useful, but that the same parts of machinery had all been used for like purposes and in different combinations, and producing the same effect; said defendants also give notice, that they will prove that said combinations which are denominated in the patent as new and useful, were only new things made out of old materials, and that the same were frivolous; and also that threshing and cleaning machines made in accordance with the specifications and under the direction of said Eaton, were not adapted to the purposes contemplated in the patent, and were greatly inferior to other machines then at

the time of said patent known and in use; they will also prove in defence, that the whole of said combination was in use with like effect anterior to the pretended combinations made by said Eaton, who is not the inventor, discoverer, or combiner of the several parts alleged to be new and useful; and so the defendants say, that the consideration of the note has wholly failed." The court excluded this notice, because it did not constitute a sufficient defence to the action. The cause was then heard by the court, and a judgment rendered in favor of the plaintiff for the amount of the note.

The notice was properly excluded. It presented no legal defence to the action. If all of its allegations were true, the plaintiff was still entitled to judgment. As a general principle, a purchaser at an administrator's sale acts at his peril. He must inquire into the title, and ascertain the quality of the property before he makes a purchase. The administrator only sells the interest that was vested in the intestate; and he makes no warranty either for himself, or the estate which he represents. The rule of *caveat emptor* is strictly applicable. Ricks *v.* Dillahunty, 8 Porter, 134; Mellen *v.* Boarman, 13 Smedes & Marshall, 100; Bashex *v.* Whisler, 3 Watts, 490; Fox *v.* Mensch, 3 Watts & Sergeant, 444; King *v.* Gunnison, 4 Barr, 171. Ray *v.* Virgin, 12 Ill. 216, is not in conflict with this principle. In that case, the purchaser of property at an administrator's sale, was allowed to show in defence of an action on the note given for the price, that the administrator made fraudulent representations as to the soundness of the property. But the decision was put solely on the ground of fraud. The court distinctly recognized the general principle. It said, "in the absence of fraud, the purchaser at such sales must not only look out for the title, but for the quality of the article which he purchases." In this case, it is not pretended that there was any unfairness at the sale, or any fraud on the part of the administrator. It was the fault of the defendants, if they bid more for the property than it was worth. It was, at most, an improvident bargain, against which the law affords them no relief. They must abide the consequences of their purchase.

The judgment is affirmed.

*Judgment affirmed.*