JOSEPH SPARKS *et al v.* ELISHA MESSICK *et al.*

1. In a written bill of sale which contains no warranty of title, none can be implied or proved.

2. Although there seems to be an implied warranty of title in the sale of personalty, made by parol, yet no such rule is applicable to sales made by executors, administrators, &c.

3. Where there is a warranty of title to personalty which is broken, the vendee can take no advantage thereof to have the contract rescinded, and refuse payment of the purchase money, when he has kept the property for many years, and had the benefit thereof, until it is destroyed. *Anders* v. *Lee*, 1 D. and B. Eq. 318, *Pender* v. *Forbes*, 1 D. and B. 250, cited and approved.

Motion to dissolve an injunction heard before *Cloud, J.*, at Spring Term, 1871, of Yadkin Superior Court.

The plaintiffs gave their single bill to the defendant Elisha Messick during the years 1857, or 1858, for fourteen hundred dollars, in consideration of a family of negroes sold by the defendant, Elisha Messick, to the plaintiff Joseph Sparks. The negroes went into the possession of plaintiff, Joseph, in 1857 or 1858, who kept them until their emancipation, except a female slave who died during the year 1863. These slaves were bequeathed by the last will and testament of George Messick to his two daughters, and in the event of their dying without issue, then to the children of the defendant, Elisha, who was the executor of the said George. The daughters of the testator died without issue, and the defendant was the Guardian of his children, who are the other defendants in this action. The daughters of the testator died prior to the sale of said slaves to plaintiff, and at the time of said sale the children of the defendant Elisha, were all infants.

The defendant Elisha brought suit on said single bill prior to the adoption of the Code of Civil Procedure, and obtained judgment thereon at Spring Term, 1870, of Yadkin Superior Court; after which the plaintiffs commenced a civil action against defendants, and alleged in their complaint that the

defendant Elisha had warranted the title to the plaintiff for said slaves, and that he sold said negroes without having had any authority so to do, and that he had no title thereto. Thereafter the plaintiff applied for and obtained an injunction against the defendants restraining them from the collection of said judgment for the reason above stated.

The plaintiffs' answer avers that said sale was made by the defendant Elisha, by a written bill of sale, signed by him as executor of George Messick, which was not offered as an exhibit, nor does it appear when it was given.

At Spring Term, 1871, the defendants after due notice being given, moved to dissolve the injunction theretofore granted. His Honor being of opinion with the defendants, made an order dissolving said injunction, from which the plaintiffs appealed.

*Phillips & Merrimon*, for the plaintiffs.
*Bailey*, for the defendants.

RODMAN, J. The argument for the plaintiffs requires the maintenance of three propositions :

1. That Messick, the executor, who sold the slave, had no title.

2. That he warranted the title.

3. That in consequence of the defect, the plaintiff, although he continued to hold the slave from 1858, or thereabouts, until her death in 1863, might rescind the sale, and refuse payment of the price.

1. It is not necessary to examine particularly the first proposition, as it is conceded.

2. The second requires a little more consideration. It seems to be the law in England, that as a general rule, there is no implied warranty of title upon a sale of chattels. *Morley* v. *Altenborough*, 3 Ex ch. 500. But this rule has been so limited by exceptions, that it has been said to have been practically " eaten up." Broom's Leg. Max. 767; *Eicholz* v. *Ban-*

*nister*, 17 C. B. N. S. 708, (112 E. C. L. R.,) *Baguely* v. *Hawley*, Law Rep. 2, C. P. 625.

That there is such a warranty, seems to be the general doctrine in the United States. 1 Pars. Cont. 574, and note e. on p. 575. *Andres* v. *Lee*, 1 D. & B. Eq. 318. But we think it clear, that where there is a written bill of sale, which contains no warranty, none can be implied or proved, as that would be to add to the writing by parol. *Van Ostrand* v. *Reed*, 1 Wend. 424; *Pender* v. *Forbes*, 1 D. & B., 250. In this case the plaintiff speaks in his complaint of a "pretended bill of sale;" and the defendants say there was a bill of sale for the slaves.

Neither of them produce the bill of sale, or set out its contents, and it is not said to have contained any warranty. If it had, in fact, contained a warranty, the plaintiff ought to have so alleged with certainty; and it is fair to presume that he would have done so.

And although it is stated by the plaintiff, that the defendant claimed the slaves as executor, it is not stated whether he sold in his capacity as executor, and professed to convey the estate of his testator, or in his own right. It might make a material difference, because, it is held that on sales by executors, administrators, &c., there is no implied warranty of title. *Ricks* v. *Dillahunty*, 8 Pars. (Ala.) 134. *Bingham* v. *Maxey*, 15 Ill. 295. If this were material, in the view we take of the case, we should be compelled to assume the fact against the plaintiff; because it is his duty to state his case plainly and directly, and not leave important facts to be be inferred or guessed at.

It is impossible to tell from the pleadings, with any precision, the date of the sale. It seems from the answer to have been in 1857 or 1858. Dashe, remained in possession of the plaintiff until her death in 1863, and her children so far as appears, until their emancipation.

We think that even if there was a warranty of title, which was broken, it cannot be allowed to a vendee, to keep the property many years, and until it is destroyed, and then to

rescind the contract and refuse payment of the price, upon the ground that the consideration has failed. He has received a substantial consideration, he cannot restore the vendor to his original condition, and by his delay, has forfeited whatever right he might originally have had to rescind the contract. *Hunt* v. *Silk*, 5 East, 449 ; *Percival* v. *Blake*, 2 C. & P. 514.

He must be left to recover upon his warranty, if he can make one out, such damages as he may be entitled to.

PER CURIAM.                    Judgment affirmed.