FRANK L. SHUP, Admr.

*v.*

F. W. CALVERT.

*Opinion filed October 24, 1898.*

1. JUDICIAL SALES—*rule of caveat emptor applies to sale by adminis-trator to pay debts.* The rule of *caveat emptor* applies to a sale by an administrator under a decree of the county court, and a purchaser who fails to acquire a good title cannot be relieved, in the absence of fraud or mistake of such a character as vitiates the transaction.

2. SAME—*administrator's power is determined by the law and the decree.* An administrator is vested only with a naked power to sell the intestate's real estate under the decree of the county court, without power to warrant the title either for himself or the estate, or to make any terms except those fixed by the law and the decree.

3. SAME—*when purchaser at an administrator's sale cannot be relieved against foreclosure.* In the absence of fraud the purchaser of land at an administrator's sale cannot defend against foreclosure for the purchase money, upon the ground that the intestate left minor heirs who have an estate of homestead in the land sold, which land, being worth less than $1000, was not liable to be sold for debts.

APPEAL from the Circuit Court of Jasper county; the Hon. TRUMAN E. AMES, Judge, presiding.

FITHIAN, DAVIDSON & KASSERMAN, for appellant.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court: ·

Frank L. Shup, administrator *de bonis non* of the estate of John R. Byrne, deceased, filed his bill of complaint in this case in the circuit court of Jasper county, against F. W. Calvert and Annie E. Calvert, his wife, to foreclose a mortgage executed by them to the former administrator of said estate on the north-west quarter of the south-west quarter of section 8, township 5, north, range 10, east, in said county. The bill was answered, and the defense set up was, that the mortgage was given to secure the balance of purchase money for the mortgaged premises sold and conveyed to F. W. Calvert by said former

administrator, under a decree of the county court of said county, for the payment of debts of the deceased; that said John R. Byrne left minor children at his death, having a homestead estate in the land sold; that said land was worth less than $1000, and that it was therefore not liable to sale for debts of the estate, and F. W. Calvert acquired no title by the administrator's deed. F. W. Calvert also filed a cross-bill alleging the same matter set up in the answer, and asking that the deed from the administrator to him and the notes secured by the mortgage should be canceled. A demurrer to the cross-bill was overruled, and the administrator answered. The cause was then referred to the master, who took and reported the evidence. The following facts were established:

John R. Byrne owned the land in fee simple, and lived upon it as a homestead at the time of his death. He left no widow, but left five children, two of whom are still minors. Since the death of their father these minors have lived in Indiana with their uncle, who is their legal guardian, and who took them from the land at the death of their father. Charles King was appointed administrator, and petitioned the county court for leave to sell the real estate to pay debts. A decree was entered and the premises were sold January 26, 1895, to F. W. Calvert for $610, one-third of which was paid in cash, and for the balance he gave two notes in equal amounts, due in nine and fifteen months, respectively, secured by the mortgage. Nothing was paid on either of the notes. Calvert went into possession at the time of the sale, and has remained in possession, cultivated the land and received the rents and profits. He resided in the vicinity of the land at the time of the death of John R. Byrne, and knew that he left minor children and was acquainted with the facts. No fraud whatever was practiced or attempted by the administrator or any one representing the estate.

Upon this showing the court dismissed the original bill and granted the prayer of the cross-bill, canceled the

administrator's deed and the notes secured by the mortgage, and decreed payment of the costs of suit against the administrator, to be paid in due course of administration.

It has long been settled by a uniform course of decisions that the rule of *caveat emptor* applies with all its force to sales by administrators under decrees of the county court. The administrator is vested only with a naked power to make sale under the order of the county court, without warranty or any terms except those fixed by the law and the decree. He cannot warrant title either for himself or for the estate, and the purchaser takes the risk of the title, the jurisdiction of the court over the persons of the heirs and of the validity of the proceedings generally. He acts at his peril, and must inquire into the title before he buys, and if he fails to acquire a good title he cannot be relieved, in the absence of fraud or mistake entering into the transaction, of such a character as to vitiate it. This is the rule in equity as well as at law. (*Bingham* v. *Maxcy*, 15 Ill. 295; *McManus* v. *Keith*, 49 id. 388; *Bishop* v. *O'Conner*, 69 id. 431; *Vanscoyoc* v. *Kimler*, 77 id. 151; *Holmes* v. *Shaver*, 78 id. 578; *Bond* v. *Ramsey*, 89 id. 29; *Tilley* v. *Bridges*, 105 id. 336; *Meyer* v. *Mintonye*, 106 id. 414.) In this case there was no fraud or deception of any kind, and there is no rule of law or equity under which the facts set up in defense of the original bill and alleged in the cross-bill would constitute a ground of defense or of relief. The complainant in the cross-bill has not been disturbed in his possession, and has received, and is receiving, the profits of the land, but in any event he cannot be relieved from the consequences of his neglect to inquire into the title or the right of the administrator to sell.

The decree of the circuit court is reversed and the cause remanded, with directions to dismiss the cross-bill and to enter a decree of foreclosure on the original bill.

*Reversed and remanded.*