(No. 12672.—Motion to dismiss denied.)

JAMES THOMAS KELLY *et al.* Defendants in Error, *vs.* MARY KELLY *et al.* Plaintiffs in Error.

*Announced orally February 5, 1920.*

PRACTICE—*defense that writ of error is barred by the Statute of Limitations must be raised by plea.* The defense that a writ of error is barred by the Statute of Limitations must be raised by plea and not by a motion to dismiss the writ. (*Peterson* v. *Manhattan Life Ins. Co.* 244 Ill. 329, adhered to; contrary expression in *People* v. *Evans,* 262 id. 235, following *International Bank* v. *Jenkins,* 104 id. 143, overruled.)

WRIT OF ERROR to the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

C. W. GREENFIELD, for plaintiffs in error.

QUIN O'BRIEN, for defendants in error.

Mr. JUSTICE CARTWRIGHT announced the decision of the court:

On February 24, 1919, the plaintiffs in error, Mary Kelly and Jennie O'Brien, sued out of this court a writ of error to the superior court of Cook county to bring in review the record of a suit in that court in which the defendants in error, James Thomas Kelly, John P. Kelly and Nellie Murray, were complainants and the plaintiffs in error were defendants. The record filed on June 13, 1919, as a return to the writ contains a bill filed by the defendants in error on October 2, 1915, to declare a trust in certain lots in Chicago and to compel plaintiff in error Mary Kelly to convey the same to the defendant in error James Thomas Kelly; an entry of appearance on October 14, 1915, by the plaintiffs in error; a rule on the plaintiffs in error on November 23, 1915, to plead, answer or demur instanter to the bill and a default for want of answer; demurrers to the bill filed on November 24, 1915; a decree *pro con-*

*fesso* on February 21, 1916, in accordance with the prayer
of the bill; an order on March 27, 1916, denying the mo-
tion of the plaintiffs in error to set aside the default and
an order taking the bill as confessed; a motion of the
plaintiff in error Mary Kelly on April 1, 1916, for leave
to file her answer to the bill of complaint, and an order on
July 20, 1916, denying the motion.

The defendants in error have presented to the court
their motion to dismiss the writ of error because it was
not sued out within the time allowed by statute. In the
case of *Burnap* v. *Wight,* 14 Ill. 303, in which a motion
was made to dismiss the writ of error because the Statute
of Limitations operated as a bar to its prosecution, the
court held that such a defense could not be interposed by
a motion to dismiss but must be relied on by plea so that
the plaintiff might reply that the case was within the ex-
ceptions in the statute. In *Hauger* v. *Gage,* 168 Ill. 365,
it was again held that the statutory limitation for prose-
cuting writs of error could not be set up by a motion but
must be pleaded so that the plaintiff in error might reply,
showing, if he could, that he was within some saving clause
of the statute. In the case of *International Bank* v. *Jen-
kins,* 104 Ill. 143, it was said that the English practice re-
quired a plea setting up the statute, but it might be presented
by a motion to dismiss as well as by a plea where it ap-
peared on the face of the record that the suit was barred
and no circumstances alleged to take the case out of the
statute. In *Peterson* v. *Manhattan Life Ins. Co.* 244 Ill.
329, it was held that the defense of the Statute of Limita-
tions could only be interposed by plea; that the decision in
*International Bank* v. *Jenkins* was erroneous in principle,
and it was overruled. In *People* v. *Evans,* 262 Ill. 235,
where there had been a joinder in error, after which the
bar of the statute could not be interposed, and the question
was not involved, the statement made in *International Bank*
v. *Jenkins* was repeated without noticing the overruling de-

cision, and the statement made was wrong. The motion is denied.

The defendants in error made an alternative motion for time to plead or join in error in case their motion to dismiss the writ should be denied. That motion is allowed, and the defendants in error, if so advised, may plead to the writ within five days or may join in error by filing their brief and argument within twenty days.

*Motion to dismiss denied.*