(No. 12672.—Reversed and remanded.)

JAMES THOMAS KELLY *et al.* Defendants in Error, *vs.* MARY KELLY *et al.* Plaintiffs in Error.

*Opinion filed April 21, 1920—Rehearing denied June 2, 1920.*

1. PLEADING—*the allegations of a bill, the proof and the decree must correspond.* The allegations of a bill, the proof and the decree must correspond, and the decree cannot give relief which the facts disclosed by the evidence would warrant where there are no averments in the bill to which the evidence can apply.

2. SAME—*when relief different from that specifically prayed for may be granted under general prayer.* Under the prayer for general relief a court of equity may give every relief consistent with the case made by the bill and may give a relief different from that specifically prayed for, where it is consistent with the facts alleged and proved and does not take the defendant by surprise.

3. SAME—*when decree pro confesso should be set aside.* A decree *pro confesso* should be set aside on motion and leave be given to answer where the bill shows on its face that the defendants have a substantial beneficial interest in the property, which the decree, in disregard of the allegations of the bill, requires them to give up.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

C. W. GREENFIELD, for plaintiffs in error.

QUIN O'BRIEN, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Defendants in error filed a bill in the superior court of Cook county praying for certain relief against plaintiffs in error, growing out of transactions beginning in the lifetime

of the mother of the parties hereto and referred to in her last will disposing of her property. A default was entered in the trial court, no answers or other pleadings having been filed by plaintiffs in error. Thereafter demurrers were filed by plaintiffs in error without previous leave of court. At a subsequent date a motion was made to set aside the default, and said motion was overruled. A final decree was entered *pro confesso,* and at the next term of court a motion was made to set aside this decree and permit the filing of an answer by plaintiffs in error. This motion was also denied by the trial court, and the case has been brought here by writ of error.

A motion was made at the last term of this court to dismiss this writ of error on the ground that the Statute of Limitations had run. This motion was denied, the court holding that the defense of the Statute of Limitations must be raised by plea and not by motion to dismiss. (*Kelly* v. *Kelly,* 291 Ill. 238.) Defendants in error did not see fit, in accordance with the suggestions in the opinion in *Kelly* v. *Kelly, supra,* to file a plea but have filed their briefs on the merits. It is not necessary, therefore, to discuss further the question raised in the briefs as to the Statute of Limitations.

The bill alleges, among other things, that Jane Kelly, the mother of the parties hereto, purchased certain property with her own money on West Harrison street, in Chicago, but as she did not wish her husband to have any dower right in it, she caused the land, when purchased, to be deeded to her daughter, Mary Kelly, one of the plaintiffs in error here. The bill further alleges that there was an agreement between the mother and daughter that the daughter should hold the title in trust for the mother, but that the daughter had no real right, title or interest in said property and agreed to convey and deed it to her mother whenever requested by the latter; that the mother had caused a three-story building to be constructed on the lot, and that

during the lifetime of her husband she demanded that Mary Kelly execute an instrument in writing evidencing the agreement between them, for the protection of Jane Kelly in case of the death or marriage of Mary Kelly, which instrument was executed by Mary Kelly in 1890 and delivered to Jane Kelly; that Jane Kelly, the mother, and Mary Kelly, James Thomas Kelly and John P. Kelly, her children, lived as one family in the second apartment of said building on West Harrison street until the death of Jane Kelly, September 7, 1915; that during all of that time the remainder of the building was rented, together with the barn, the rent, in the aggregate, amounting to many thousands of dollars, the exact amount not being known to defendants in error; that the rents had been collected by Mary Kelly up to three years before the beginning of this suit; that out of such proceeds Mary Kelly purchased another lot in Chicago, which she took in her own name and had the deed recorded; that, in fact and in law, she took and held the same in trust for Jane Kelly and still holds the same for the benefit of the estate of Jane Kelly, but that she has violated the trust and has sought to defraud Jane Kelly out of the proceeds, rents and issues of the property and has destroyed the instrument in writing evidencing the ownership in Jane Kelly of the property mentioned; that after the suit by Patrick Kelly, her husband, against Jane Kelly was terminated in favor of Jane Kelly, Mary Kelly refused to convey the property on West Harrison street to her mother or account for the proceeds, although promising to do so later, but left home and failed to carry out her promise; that the mother and daughter each employed attorneys to advise them concerning their respective rights, and thereafter Mary Kelly agreed to convey the two pieces of property to her mother but never has done so; that since the death of Jane Kelly Mary Kelly has remained in possession of the property and collected the rents without making any accounting therefor.

Attached to the bill and made a part thereof is the last will of Jane Kelly, which, after providing certain legacies, devises to James Thomas Kelly "all of the rest and residue of my estate, including the said real estate and buildings known as, to-wit, 1229 West Harrison street, Chicago, * * * in trust, however, for the following. purposes, namely," etc. The will then states, in substance, that her daughter, Mary Kelly, has taken and still holds in her name the real estate heretofore mentioned; that the property is held in trust by Mary Kelly for Jane Kelly; that "the said Mary Kelly, in about the month of February, A. D. 1914, agreed to convey all her right, title and interest in both of said pieces of said real estate to me in consideration of my certain notes for $4000 made to her order, bearing interest at the rate of five and one-half per cent and secured by a mortgage on the said real estate located at 1229 West Harrison street and maturing within five years from their date, * * * which was to be in full payment and satisfaction · of all claims the said Mary Kelly had on me or my estate or on either of said pieces of real estate; and whereas said Mary Kelly has never executed said conveyance although often requested so to do by me since, and although I have often since offered to carry out my part of said agreement, therefore it is my will, devise, bequest and direction that unless. the said Mary Kelly execute and delivers to me said conveyances and consummates said agreement, or makes some· other suitable settlement in writing satisfactory and acceptable to me during my lifetime, I direct, and it is my wish and intention, that she shall have no right or claim to said notes for $4000 ,or to any portion of my estate whatsoever."

Counsel for plaintiffs in error argues that the court's ruling with reference to the motion to set aside the default and the final decree and permit plaintiffs in error to file an answer was erroneous. He also argues earnestly that the bill on its face shows that plaintiff in error Mary Kelly had

a beneficial interest in the property referred to therein, and that the decree of default and the decree entered *pro confesso* after default are open to attack on the insufficiency of the bill, as the allegations of the bill show clearly such beneficial interest in Mary Kelly, and that the relief granted depriving her of her entire rights in the property is clearly wrong, and that such matters can be raised here. There is no question that the relief granted was not specifically prayed for in the bill, but counsel for defendants in error claims that under the general prayer for relief found in the bill it was properly granted. It is a fundamental rule of equity pleading that the allegations of a bill, the proof and the decree must correspond, and that the decree cannot give relief which the facts disclosed by the evidence would warrant, where there are no averments in the bill to which the evidence can apply. (*Stearns* v. *Glos*, 235 Ill. 290, and cases there cited.) Under the prayer for general relief a court of equity may give every relief consistent with the case made by the bill. Relief may be granted under the general prayer different from that specifically prayed for, when it is consistent with the facts alleged and proved, provided it does not take the defendant by surprise. (*VanZanten* v. *VanZanten*, 269 Ill. 491, and authorities cited.) "But, even when a prayer of general relief is sufficient, the special relief prayed at the bar must essentially depend upon the proper frame and structure of the bill, for the court will grant such relief, only, as the case stated will justify, and will not ordinarily be so indulgent as to permit a bill framed for one purpose to answer another, especially if the defendant may be surprised or prejudiced thereby." (Story's Eq. Pl.—10th ed.—sec. 42.)

The bill is somewhat inaptly drawn as to the real interests of the parties, and there are some conclusions stated therein from which it may be argued that Mary Kelly had no beneficial interest in the property in question, but obviously from the entire allegations of the bill, so far as they

state facts and not conclusions,—particularly that part of the will quoted above,—the conclusion must necessarily be drawn that Mary Kelly had a substantial beneficial interest in the property of which she was deprived by the decree, apparently without even the accounting which was prayed for in the bill. No certificate of evidence was preserved and no facts are stated in the bill sufficient to justify any other conclusion. From the allegations of the bill it is clear that as a result of the conference between Jane Kelly and Mary Kelly it was agreed that the interest of Mary Kelly in the property in question, whenever and however acquired, was at least worth $4000, because notes for that amount, payable in five years, were to be given Mary Kelly by Jane Kelly, and were stated in Jane Kelly's will to be in consideration of the conveyances which Mary Kelly was to make of the property in question to said Jane Kelly. Under the reasoning of this court in *Gault* v. *Hoagland,* 25 Ill. 241, *Rice Co.* v. *McJohn,* 244 id. 264, *VanZanten* v. *VanZanten, supra,* and the cases therein cited, it must be held that the bill shows on its face that plaintiffs in error have a substantial beneficial interest in the property in question, and that the decree entered on default, requiring Mary Kelly to give up all her rights in the property, is not in accordance with the allegations of the bill and therefore should not have been granted.

This conclusion makes it unnecessary to pass upon the questions of pleading, as those questions, in the same form, will doubtless not be raised in the trial court on another hearing. On the case being re-docketed in the trial court the pleadings may be amended and an answer filed, as may be desired by the respective counsel, and the case proceed to hearing in accordance with the views herein expressed.

The two decrees (the default decree and the decree *pro confesso*) of the superior court will both be reversed and the cause remanded.                    *Reversed and remanded.*