## In the Matter of the Estate of Otto C. Meinshausen, Deceased.

## Henry Meinshausen, Administrator, Defendant in Error, v. Alexander W. Hannah, Plaintiff in Error.

### Gen. No. 25,891.

1. APPEAL AND ERROR, § 625*—*when delay in suing out writ of error does not prevent review.* Where a writ of error is sued out more than 2 years, but less than 3 years, from the entry of an order sought to be reversed, but the statute of limitations (section 117 of the Practice Act as amended by Act June 28, 1919, Callaghan's 1920 Stat. ¶ 8654), providing that such writs shall not be brought after the expiration of 2 years, is not pleaded, the merits of the case will be considered, even though there may be some doubt as to the right to maintain the writ.

2. JUDICIAL SALES, § 33*—*when rule of caveat emptor applies to judicial sales.* The rule of *caveat emptor* applies to judicial sales unless fraud or mistake has entered into the transaction whereby the purchaser has been deceived and induced to make the purchase.

3. EXECUTORS AND ADMINISTRATORS, § 452*—*when sale by administrator must be objected to.* If a purchaser at an administrator's sale has any objections to make to the sale or any reason why he should be relieved from his obligation as the highest bidder thereat, he must make an objection to the confirmation of the report of sale; otherwise it is presumed that his bid was made for such title as the administrator had authority to sell.

4. EXECUTORS AND ADMINISTRATORS, § 450*—*when notice of proceedings for confirmation of sale is not necessary.* The purchaser at an administrator's sale is bound to take notice of the statute fixing the time of the presentation of the report of sale for confirmation and must interpose any objection without the formality of any actual notice.

5. EXECUTORS AND ADMINISTRATORS, § 450*—*what need not be contained in order approving sale.* An order requiring a purchaser at an administrator's sale to pay the balance of the purchase money need not require the administrator to deliver to the purchaser a deed where the estate's title has been divested by the issuing of a master's deed in a foreclosure proceeding set forth in the decree of sale and to which the sale was made subject.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Meinshausen v. Hannah, 219 Ill. App. 278.

6. EXECUTORS AND ADMINISTRATORS, § 450*—*when interest may be decreed on approval of sale.* Interest upon a deferred payment of the purchase price at an administrator's sale may be decreed without directing an accounting of the rents and profits of the premises sold since the day of the sale, where there is no showing that any rents and profits came to the hands of the administrator.

7. EXECUTORS AND ADMINISTRATORS, § 448*—*how court may enforce bid at administrator's sale.* The probate court after it has approved a bid has jurisdiction to enter an order directing the bidder at an administrator's sale to pay the balance of the purchase price bid.

8. EXECUTORS AND ADMINISTRATORS, § 448*—*how probate court may enforce its order.* While the probate court cannot issue an execution, it may enforce its order by a contempt proceeding if necessary.

Error to the Probate Court of Cook county; the Hon. HENRY HORNER, Judge, presiding. Heard in this court at the March term, 1920. Affirmed. Opinion filed October 11, 1920.

CAMPBELL & FISCHER and MATTHIAS CONCANNON, for plaintiff in error.

LIGHTHALL, DANKOWSKI & CARLSON, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Alexander W. Hannah bid for certain real estate, to which the late Otto C. Meinshausen had some title at the time of his death, at an administrator's sale of such real estate to pay·debts established against his estate in excess of the personalty belonging to said estate. The bid was $10,000, on which as earnest money Hannah paid $1,000. The administrator's report of the_sale and of the payment of the earnest money was approved by the probate court within the time provided by the statute and the administrator tendered his deed to Hannah for the property bought, and at the same time demanded from Hannah the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

balance of $9,000 due on his bid therefor. Hannah, on several pretenses hereinafter to be recited, declined to accept the deed and pay the $9,000. Thereupon, on petition to the probate court by the administrator and on due notice to Hannah and his answer thereto as well as his appearance at the hearing, the probate court ordered Hannah to pay $9,000 with interest at 5 per cent per annum from July 8, 1914, to the administrator within 40 days from April 25, 1917, being the day on which the order was entered. Hannah brings this writ of error in an effort to reverse that order.

From that order Hannah first appealed to the circuit court of Cook county, where his appeal was dismissed for want of jurisdiction in the circuit court to entertain. This court on further appeal affirmed the action of the circuit court. In that opinion the jurisdictional question only was decided. The merits of the controversy remain for our decision on this writ of error.

Hannah argues for reversal that the probate court erred in entering the order of April 25, 1917, and in requiring him to pay to the administrator $9,000 with interest and in not absolving Hannah from further liability as prayed in a cross-petition by him filed, for the reason, as he contended, that the rule *caveat emptor* is not applicable to the circumstances environing the administrator's sale to him, and further, that the probate court was without jurisdiction to compel the purchaser at an administrator's sale to pay the balance of his bid and that the order is further erroneous in not requiring the administrator to make and deliver to Hannah a deed to the real estate sold upon payment of the purchase price and that it was error to charge interest upon the deferred payment.

Incidentally the question of the effect of the present statute of limitations is raised. This writ of error was sued out more than 2 years, but less than 3 years,

from the entry of the order sought to be reversed. The act approved June 28, 1919, amending section 117 of the Practice Act (Callaghan's 1920 Stat. ¶ 8654), provides that "a writ of error shall not be brought after the expiration of two years from the rendition of the decree or judgment complained of." The statute, however, has not been pleaded, and while there may be some doubt as to Hannah's right under the act, *supra*, to maintain this writ of error, in the light of *Carlin v. Peerless Gas Light Co.*, 283 Ill. 142, and *Wall v. Chesapeake & O. R. Co.*, 290 Ill. 227, we do not decide that question but base our decision upon the merits of the cause. In *Kelly v. Kelly*, 291 Ill. 238, it was in effect held that where the statute of limitaions was sought to be invoked it must be so done by an appropriate plea, notwithstanding that upon the face of the record it might appear that the statute had run as a ba to the writ, because to such plea it might be replied that the right to the writ was within one of the saving clauses of the statute.

The decree directed that the sale be made subject to the interest of Lou H. Meyers, the holder of the certificate of sale issued to her by a master in chancery of the circuit court, dated September 20, 1913, and recorded in the recorder's office of Cook county on the 3rd day of October, 1913, etc., and to an easement in Andrew O. Monson and Celia Monson for the use of the southeasterly 8 feet of the real estate sold, designated as a private alley.

Hannah refused to complete the purchase on the ground that there were liens against the property sold other than those mentioned in the decree, and he more particularly insists that a certain judgment by confession for $1,423.75 obtained by Edward J. Uhlein and Francis Lackner in the circuit court of Cook county June 13, 1902, against the American Copper, Brass and Iron Works and the deceased Otto Meinshausen is such a lien. It appears that this judgment was as-

signed to one Nicholas J. Haynes on December 20, 1904, and that on motion of Meinshausen the judgment was opened and he was let in to plead; that the execution was stayed, the judgment to stand until the further order of the court.

Nowhere does it appear that there was an execution issued on this judgment or that any final disposition has been made of the cause. Aside from the question of the application of the doctrine of *caveat emptor* it is apparent that that judgment was not a lien upon the real estate in question at the time when the administrator filed his petition to sell the real estate of his intestate to pay debts.

Hannah contends that the rule of *caveat emptor* does not apply to his case because there was fraud or mutual mistake in the transaction. As a general proposition the rule of *caveat emptor* applies to judicial sales, and so far as we have been able to ascertain has never been departed from except where fraud or mistake was present as a factor in the transaction whereby the purchaser at such judicial sale has been deceived and induced to make a purchase which he otherwise would not have made had he known of the fraud or was aware of such mistake. Aside from the contention of counsel there is neither fraud nor mistake, mutual or otherwise, disclosed by the record in any phase of the transaction. If Hannah had any objection to make to the sale or any reason why he should be relieved from his obligation as the highest bidder thereat, it was incumbent upon him to make an objection to the confirmation of the report of sale. Not having done so, he is bound to carry out his purchase, and it will be presumed that his bid was made for such title as the administrator had authority to sell.

Hannah contends that he should have had notice of the presentation of the report of sale for confirmation. As the statute fixes the time within which such

report must be presented to the court, the purchaser is bound to take notice of the statute and must interpose any objection which he has without the formality of any actual notice by the administrator of the presentation of such report. *Verdun v. Barr*, 253 Ill. 120. In *Tilley v. Bridges*, 105 Ill. 336, the court said:

"It may be regarded as a general and well-settled rule that the doctrine of *caveat emptor* applies to all judicial sales. An administrator or executor selling lands under a decree of court has no authority to warrant the title he sells, and the person who may buy at such sale is bound to examine the title, or purchase at his peril. If he deems it proper to purchase without an examination of the title to be sold, and through his negligence obtains no title, he must, as a general rule, suffer the loss arising from his neglect, unless fraud or mistake entered into the transaction." *Shup v. Calvert*, 174 Ill. 500. As said in *Speck v. Pullman Palace Car Co.*, 121 Ill. 33:

"This is a judicial sale.  *  *  *  And the rule is, that the order of confirmation is conclusive as to all matters upon which the court might have been called upon to pass, had the parties chosen to have brought them forward as objections to the confirmation." *Chandler v. Morey*, 195 Ill. 596.

The record discloses that Hannah had every opportunity to be protected against any liens not excepted in the decree of sale, as the administrator had arranged with the Chicago Title and Trust Company to issue its policy guaranteeing against such liens. This offer came about from the fact that Hannah had applied to the Title Company for a guaranty policy and in that way had discovered the Uhlein and Lackner judgment, but Hannah failed to take advantage of this offer and by withholding the balance of the purchase price caused the property to be lost to himself and the administrator under the master's certificate of sale, a deed for which ripened on December 30, 1914. He did not finally refuse to pay his bid until September 1, 1914,

making it impossible for the administrator to proceed and make a resale before the master's deed issued under the foreclosure proceeding to which the sale was made subject by the decree.

It further appears that the administrator had deposited his deed to Hannah with the Title and Trust Company by agreement of the parties in escrow, to be delivered to Hannah upon payment of the balance due on his bid.

It is contended that the order of April 25, 1917, is erroneous in that it does not require the administrator to make and deliver to Hannah a deed to the property upon his complying with the order to pay the balance due. Ordinarily such a direction would have been proper to have been made, but in this case it would have been abortive and a work of supererogation, as the administrator had no title to convey, as on September 30, 1914, the estate's title had been divested by the issuing of the master's deed in the foreclosure proceeding set forth in the decree and to which the sale was made subject.

There was no error in decreeing interest upon the $9,000 deferred payment without directing an accounting to be had of the rents and profits of the premises sold since the day of the sale. In the first place, there is no showing that any rents or profits came to the hands of the administrator. As a matter of law the administrator had no title to the real estate except to sell it to pay debts under the order of the probate court. The title of the intestate upon his decease vested in his heirs at law.

Hannah challenges the power of the probate court to enter the order in question. When this case was here on appeal we said in our opinion.

"We hold that the order appealed from was an order entered in the matter of the application of the administrator to sell real estate to pay debts, which is, in its essence, a chancery case within the meaning of said

section as construed in cases *supra,* and, with section 8 of the Appellate Court Act [J. & A. ¶ 2968] and section 91 of the Practice Act [J. & A. ¶ 8628], governs this case." *Lynn v. Lynn,* 160 Ill. 307.

The probate court therefore had the same jurisdiction as in cases in chancery, and in such matter was governed by the same rules and doctrines. As early as *Dills v. Jasper,* 33 Ill. 263, the court said:

"After the court has approved of the bid, it may summarily require the bidder to pay the amount thereof, or it may order the property to be resold at the bidder's risk and expense; and if, upon a resale, it does not bring the amount of the bidder's liability the court may summarily enforce the payment of the difference."

In *Wakefield v. Wakefield,* 256 Ill. 296, where it was contended that the court had no power to compel a compliance with the terms of the sale but that its power was limited to the ordering of a resale, the court said:

"The method insisted upon as the proper one has been followed in different cases and is proper (*Hill v. Hill,* 58 Ill. 239), but it has been frequently declared that the court may summarily require the bidder to pay the amount of his bid (*Dills v. Jasper,* 33 Ill. 262; *Chandler v. Morey,* 195 Ill. 596); and in the latter case the court quoted with approval a holding that a bidder may be compelled to complete his purchase by an order of the court and by its process for contempt, if necessary."

In *Greenwalt v. McClure,* 7 Ill. App. 152, which was a county court proceeding in a proceeding to sell real estate of a decedent to pay debts, the court said:

"We think the county court in such cases, under this law, possesses the jurisdiction and power to proceed in the same summary manner as the circuit court proceeds in cases of sales of land under decrees in chancery, and unless the same necessary preliminary steps are taken in cases of refusal of a purchaser to complete his purchase at an executor's or administrator's sale, no recovery can be had of the purchaser for a loss on a resale."

While the probate court cannot issue an execution, it may enforce its order by a contempt proceeding if necessary.

For the foregoing reasons the order of the probate court of April 25, 1917, is affirmed.

*Affirmed.*

DEVER and McSURELY, JJ., concur.