(No. 17758.—Reversed and remanded.)
PAUL FINEMAN, Defendant in Error, *vs.* HARRY GOLD-
BERG *et al.* Plaintiffs in Error.

*Opinion filed April 21, 1928.*

1. JUDGMENTS AND DECREES—*finding as to matters not involved is a nullity.* A finding in a decree as to matters not involved in the litigation between the parties is a nullity.

2. SAME—*findings must correspond to allegations in bill.* The allegations in a bill, the proof and the findings of the decree must correspond, and a complainant is not entitled to relief, although the evidence may establish a clear right thereto, unless there are averments in the bill to support the case made by the evidence.

3. RES JUDICATA—*what necessary for a former adjudication to operate as a bar.* To constitute a bar a former adjudication must have been upon a matter actually at issue the determination of which was essential to the decree, and it must conclusively appear that the matter was so at issue that it was necessarily determined by the court rendering the decree which is interposed as a bar.

4. PARTNERSHIPS—*when a finding that stock and fixtures are partnership property is not warranted.* Where the complainant in

his bill for an accounting of an alleged partnership claims one-half of the net profits and makes no allegation that the stock and fixtures are partnership property, a finding in the decree on the stipulated question as to the existence of the partnership property, before the reference to state the account, that certain stock and ·fixtures are partnership property is not warranted; nor is the complainant entitled, after the statement of the account, to a decree for one-half of the value of the partnership assets and interest thereon, in the absence of proper allegations in the bill supported by proof.

5. Same—*when bill for accounting should be dismissed.* Where the evidence leaves the account in such doubt and uncertainty that the court is unable to say whether anything is due from either party and how much, a bill for an accounting of a partnership should be dismissed for want of equity.

6. Same—*burden is on complainant to prove claim in action for accounting.* In an action for an accounting of a partnership the burden is on the complainant to prove his claim to a certain share of the net profits; and the fact that the defendants did what they could to obstruct an accounting does not relieve the complainant of the burden of proving his case by a preponderance of the evidence, especially where he was manager of the business during the period when the profits claimed were realized.

7. Same—*when complainant does not prove claim to a share of net profits.* Complainant in an action for an accounting of a partnership does not prove his claim to a certain share of the net profits where the evidence shows the profit only on one item of the business and does not disclose the profits and losses on other items or the payment of the necessary expenses.

Writ of Error to the First Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Oscar Hebel, Judge, presiding.

Ernest Saunders, for plaintiffs in error.

Edward H. Morris, and James B. Cashin, for defendant in error.

Mr. Commissioner Partlow reported this opinion:

Defendant in error, Paul Fineman, filed his bill in the superior court of Cook county against plaintiffs in error, Harry, Samuel and Norman Goldberg, who are brothers,

for the dissolution of a partnership, the appointment of a receiver and for an accounting. Plaintiffs in error filed an answer, in which they denied all of the allegations of the bill, alleged that they invested $10,000 in the business, and that defendant in error was an employee, only, and not a partner. Under a stipulation the cause was referred to a master to take evidence and determine whether or not a partnership existed between the parties. The master found that a partnership did exist. Exceptions to the report were overruled, a decree was entered as recommended, and an appeal was prosecuted to the Appellate Court, where the decree was affirmed. The cause was then referred to the master to take the evidence and state the account. Exceptions to his report were overruled, a decree was entered in favor of defendant in error, an appeal was prosecuted to the Appellate Court, where the decree was affirmed, and the case is now before this court upon a writ of *certiorari.*

The evidence shows that Harry Goldberg had a lease on a vacant store room at 600 North Clark street, Chicago. In April, 1920, Norman Goldberg, on behalf of himself and his brothers, proposed to defendant in error that they start a drug store on the premises with defendant in error as manager, for which he was to receive fifty per cent of the net profits. Plaintiffs in error were to furnish the capital and defendant in error was to furnish his labor and experience. This proposition was accepted by defendant in error and ratified by the other plaintiffs in error. A permit under the National Prohibition act to sell intoxicating liquor was issued to Norman Goldberg and Fineman. A drug store license from the city of Chicago was issued to Goldberg and Fineman and a bank account was opened in their names. The store was opened about June 19, 1920, with defendant in error and Norman Goldberg in charge, and was known as the Clark and Ohio Drug Store. Business was continued until August 20, 1920, when the Goldbergs refused to allow Fineman to have anything further

to do with the business. They denied him his rights as a partner, refused to account for his fifty per cent of the net profits, and the bill was filed in this case for an accounting.

The first decree, entered on October 25, 1921, found that the parties entered into a partnership agreement to conduct the store, that defendant in error was to receive one-half of the net profits, that plaintiffs in error furnished the money to purchase the stock and fixtures and "the same then and there became partnership property," and that defendant in error was entitled to an accounting. The final decree found that plaintiffs in error failed and refused to produce books and records from which any definite information could be obtained to make an account; that defendant in error devoted his entire time and energy to the business and plaintiffs in error furnished the money for the stock and fixtures and the same became partnership property; that defendant in error was entitled to an accounting of the net profits from August 20, 1920, the termination of the partnership, to April 16, 1925, the date of the decree; that the fixtures purchased when the business was started were still on the premises and that other fixtures had been added from receipts of the business; that a profit of $2000 was made prior to August 20, 1920, on sales of liquor; that the amount invested from August 20, 1920, to May 18, 1923, by plaintiffs in error, was $10,000, and by the terms of the decree of October 25, 1921, defendant in error was entitled to one-half of the firm's property on August 20, 1920, amounting to $5000; that plaintiffs in error continued the business and used defendant in error's property, which entitled him to five per cent interest on one-half of the value of the property from August 20, 1920, to the date of the decree, amounting to $1156.22. A receiver was appointed to sell the fixtures, stock and good will of the business and pay out of the proceeds the costs of the suit and $5000 to defendant in error as his

share of the assets, together with $1156.22 as interest thereon and $1000 as profit on sales of liquor.

Plaintiffs in error insist that the decree should be reversed because defendant in error in his bill did not allege and by his evidence did not establish any interest in the capital assets but only claimed a one-half interest in the net profits. Defendant in error contends that the decree of October 25, 1921, found that the capital assets became partnership property, that after the affirmance of that decree by the Appellate Court the right of defendant in error to share in the capital assets was *res judicata* and the question could not be raised under the subsequent decree.

There are several reasons why this last contention can not be sustained. The bill contained no averment that defendant in error was entitled to one-half of the partnership assets. It was filed upon the theory that he was entitled only to fifty per cent of the net profits. A finding in a decree as to matters not involved in the litigation between the parties is a nullity. (*Yeates* v. *Briggs,* 95 Ill. 79.) The allegations of the bill, the proof and the findings of the decree must correspond. A complainant is not entitled to relief, although the evidence may establish a clear right to relief, unless there are averments in the bill to support the case made by the evidence. (*Kelly* v. *Kelly,* 293 Ill. 169; *Stearns* v. *Glos,* 235 id. 290; *Smith* v. *Kneer,* 203 id. 264.) When the case was referred to the master the first time it was upon a stipulation that the only question to be determined on that hearing was whether or not a partnership existed. All parties, the master and the chancellor were bound by that stipulation, and matters litigated outside of the stipulation were not binding. To constitute a bar a former adjudication must have been upon a matter actually at issue the determination of which was essential to the decree. (*White* v. *Sherman,* 168 Ill. 589.) It must conclusively appear that the matter was so at issue that it was necessarily determined by the court rendering the de-

cree which is interposed as a bar. (*People* v. *Wyanet Light Co.* 306 Ill. 377.) Even if plaintiffs in error did furnish the money to purchase the stock and fixtures they did not "then and there become partnership property," as found in the decree of October 25, 1921, and such finding did not entitle defendant in error to one-half of the value of the partnership property in the absence of a contract to that effect and proper allegations in the bill, sustained by proof. The chancellor was in error in decreeing to defendant in error one-half of the value of the partnership assets and interest thereon.

The master in his second report found that an account of the net profits during the partnership could not be stated from the evidence. The final decree found that the evidence was insufficient to definitely show net profits from the beginning of the business to August 20, 1920, and from the latter date to May 18, 1923. If the evidence leaves the account in such doubt and uncertainty that the court is unable to say whether anything is due from either party and how much, the bill should be dismissed for want of equity. (*Donaldson* v. *Donaldson,* 237 Ill. 318.) Notwithstanding this condition of the evidence and these recitals in the master's report and the final decree plaintiffs in error were charged with one-half of $2000, being the alleged profits on the sale of whisky. In his bill defendant in error alleged that he was only entitled to fifty per cent of the net profits. The burden was on him to prove his share of the net profits. The net profit of a business is the sum actually received after deducting the losses and expenses of the business. (29 Cyc. 672.) During the two months defendant in error was in the business he was in charge as manager. He bought the goods, paid the bills and looked after the business. He was in a better position than any other witness to know the receipts and expenses, together with the net profits, if any, and yet he did not testify to sufficient facts on which to base an account. The evidence

shows that money was paid out for rent, for a porter, a prescription clerk, and various other expenses, none of which went into the account. No books were kept during the time defendant in error was in charge and no books were produced for the period after he left the partnership. There are findings in the decree that plaintiffs in error failed to produce books after they were ordered to do so and that they did everything in their power to defeat an accounting. The fact that plaintiffs in error did what they could to obstruct an accounting did not relieve defendant in error of the burden of proving his case by the preponderance of the evidence. He did not prove his case by the preponderance of the evidence by merely showing that during the period he was in charge $2000 profit was made upon the sale of whisky. The account is based entirely upon that one item. It cannot reasonably be contended that a partner who files a bill for an accounting has proved his case by merely proving a profit on one article of merchandise sold, without any evidence as to profits and losses on other items sold or the payment of the necessary expenses of the business. The evidence fails to prove the allegations of the bill, it does not form any basis from which an account can be stated, it does not establish any liability for any amount against plaintiffs in error, and the chancellor was in error in decreeing that defendant in error was entitled to $1000 on the sale of liquor.

The decree of the superior court and the judgment of the Appellate Court will be reversed and the cause remanded for a new hearing.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is rendered in accordance therewith.

*Reversed and remanded.*