Construction Finance Corporation, Defendant in Error,
v. Bertha Kawohl et al., Plaintiffs in Error.

Gen. No. 37,291.

Heard in the first division of this
court for the first district at the February term, 1934. ▮▮▮ Opin-
ion filed April 30, 1934.  Rehearing denied May 14, 1934.

Jacob Levy, for plaintiffs in error; James M. Gwin,
of counsel.

ABRAMS, SHERMAN & LEWIS, for defendant in error; CLYDE C. FISHER and LOUIS A. SHERMAN, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

June 8, 1931, complainant filed its bill to foreclose a mechanic's lien. All the defendants were defaulted. The cause was referred to a master in chancery to take the proofs and make up his report. He recommended a decree in accordance with the prayer of the bill.

The bill of complaint made the unknown owner or owners of certain notes secured by a trust deed parties defendant and they were served by publication. December 7, 1931, a decree in the usual form was entered. More than a year and nine months later, namely, September 11, 1933, Bertha Kobetzky, by leave of court, filed her petition alleging that she was made party defendant as an unknown owner of the notes secured by the trust deed above referred to; that she had not been served with summons or a copy of the bill and had not "received the notice of the pendency of this suit, required to be sent to her by mail by the Clerk of this court and has received no notice in writing of such decree." The prayer was that she be given leave to file her answer to the bill, that the matter be heard, and the decree altered or amended. Complainant filed an answer to the petition setting up, among other things, that the property had been sold under the decree of foreclosure.

October 2, 1933, the matter came on for hearing and a decree was entered denying the prayer of the petition and striking it from the files. An appeal was prayed and allowed to this court, which was apparently abandoned, and on December 18, 1933, a writ of error was sued out from this court.

Complainant contends that the writ of error should be dismissed on its motion because it was sued out

after more than two years had elapsed from the time of the entry of the decrée. The defense that a writ of error is barred by the Statute of Limitations must be raised by plea and not by motion. *Kelly v. Kelly,* 291 Ill. 238.

Defendant Bertha Kobetzky contends that since the Commonwealth Construction Company was the contractor that did the work for which the mechanic's lien is sought, and since it was alleged in the bill that the contract had been assigned to .complainant, the Construction Finance Corporation, such assignment must be proved; that the evidence shows the assignment was not made to complainant, the Construction Finance Corporation, but to the Contractors' Finance Corporation.

There is an exhibit in the record which purports to be an assignment by the Commonwealth Construction Co. to the Contractors' Finance Corporation, but a witness for complainant testified that he had been connected with complainant for five years and that the contractor, the Commonwealth Construction Co., assigned its rights under the contract for the doing of the work, to complainant. While there is an apparent conflict in the testimony of this witness and what purports to be the written assignment, as to the name of the assignee, we think it apparent that the error was merely on the part of the printer. Moreover, complainant offered in evidence a note for the amount due under the contract, namely, $1,025.28, signed by the owners of the property who had entered into the contract for the doing of the work. Complainant being the owner of the note evidencing the indebtedness, it is apparent that there was a mere error in the assignment.

The further contention of defendant, that there was no proof as to the ownership of the premises in question, is wholly without merit. The bill alleged that

certain of the defendants, naming them, were the owners in fee simple of the premises. These parties were personally served with process and their default regularly taken so that the ownership of the property as alleged was admitted of record.

A further point is made by defendant that her petition was filed in apt time and therefore the court should not have stricken it. In support of this it is said that section 19 of the Chancery Act (chap. 22), which was in effect at the time the bill of complaint was filed, namely, June 8, 1931, authorized the filing of such petition within three years after the entry of a decree by one who was served by publication, etc., where he had not been notified as a matter of right and without the necessity of any showing of merit, and that these provisions of the statute were not changed until July 1, 1931, which cut down the period of time from three years to one year after the entry of a decree, within which such a defendant might file his petition, and which gave discretion to the court as to whether he would allow the filing of such petition. We think this contention cannot be sustained.

Prior to July 1, 1931, section 19 limited the time within which a defendant, who was served by publication and who had not received the notice required by law, might petition the court to be let in to defend, to three years after the entry of the decree, and the amendment to this section, which went into effect July 1, 1931, cut down this period to one year after the entry of the decree. The statute in effect July 1, 1931, applied to all cases where decrees were entered after that date.

In the instant case the decree was not entered until December 7, 1931, so that by section 19 the right of the defendant to file her petition was limited to one year after the entry of the decree, and the petition not having been filed within that time, the court properly

struck it. Moreover, there was no allegation in the petition touching the merits of the controversy, as the statute requires.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.