George F. Margonis, Plaintiff-Appellee, v. Lawrence J. Rossi, Defendant-Appellant.

Gen. No. 69–4.

Third District.

November 3, 1969.

Cassidy, Cassidy, Quinn & Lindholm, of Peoria, for appellant.

Frank M. Wanless, of Morton, and Black, Black & Borden, of Peoria, for appellee.

STOUDER, J.

Plaintiff, George Margonis commenced this action for an accounting in the Circuit Court of Tazewell County

based on a partnership agreement between himself and Defendant, Lawrence Rossi. The case was referred to a Master in Chancery who after hearing evidence, filed his report finding $10,559 due from defendant Rossi to plaintiff Margonis. The trial court modified the report of the Master in part and decreed that $7,409 was due by defendant to plaintiff. Defendant has appealed from such decree and plaintiff has cross-appealed.

On May 2, 1955, the defendant, a physician and owner of a hospital in Hopedale, Illinois, entered into a written agreement with plaintiff, a bacteriologist, for the operation of a laboratory by the plaintiff on the premises of the defendant. Prior to the execution of the agreement, the plaintiff and defendant had several discussions concerning the details of the laboratory operation. Thereafter, a lawyer friend of plaintiff drafted the agreement in accord with plaintiff's understanding of the terms, which agreement was signed by both parties.

The written agreement contained a short preamble providing for the establishment of Hopedale Hospital Laboratory to be managed by plaintiff on the premises of defendant. Paragraph 1 provides that plaintiff shall pay $100 rent to defendant, said amount being payable only out of income of the laboratory. The next paragraph provides that the plaintiff's salary shall be $100 per week, payable only from the gross income of the laboratory. Paragraph 3 provides for the payment of fixtures, equipment and supplies from the income of the laboratory and also provides for the reimbursement of monies advanced for the purchase of fixtures, equipment and supplies. The next paragraph provides for management of the laboratory by plaintiff and the furnishing of premises and facilities by defendant. Paragraph 5 provides that after deducting from the income all expenses of said laboratory including rent, salary of plaintiff, payments on equipment, fixtures and supplies (including

reimbursements), operating expenses and salaries, the net income shall be distributed equally between plaintiff and defendant. Paragraph 6, the last paragraph, provides for termination on May 2, 1960.

Plaintiff operated the laboratory until July 31, 1960. The fees for laboratory services were billed and collected by the business manager of the hospital, who also paid the expenses of the laboratory. After about a year and a half, plaintiff asked for more money and thereafter he received amounts varying from $125 per week to $200 per week. During the period of the operation of the laboratory by plaintiff, no accounting was ever made respecting the receipts and disbursements of the laboratory by defendant, and plaintiff at no time during such period requested any such accounting.

With respect to the accounting, the Master's report found the gross receipts of the laboratory to be $107,156. The expenses of the laboratory were as follows: rent, $6,300; supplies and expenses, $8,099; salaries, $10,299; depreciation, $696; salary to plaintiff, $27,300. The total of such deductions was $22,665, which when deducted from gross receipts indicated a profit of $54,491. Plaintiff's one-half share equaled $27,245. The Master concluded that plaintiff was entitled to receive $27,245 as his share of profit, and $27,300 as salary for a total of $54,545. During the period plaintiff had received $44,-761, leaving a balance due Margonis of $9,784. To this was added $775 for monies advanced for the purchase of equipment and not reimbursed, making $10,599 the final total due.

The trial court, in considering the Master's report, adopted and approved such report as to all the items except one, namely, the deduction for rent. By deducting the item for rent from the receipts, the defendant was, in effect, being charged for one-half of the rent. The trial court concluded that such was not intended by para-

236

graph one of the contract and accordingly, the court modified the amount found due by the Master.

Both the Master and the court concluded that the agreement is a partnership agreement and that the relationship between the parties is that of partners. Defendant does not dispute this conclusion in this court. Consequently, the rights and liabilities of the parties, as well as the propriety of the court's decree, must be viewed in this context.

Defendant insists that the intention of the parties cannot be ascertained from the written contract and alternatively that the decree is contrary to the intentions of the parties.

██ Neither the plaintiff, the defendant, nor the attorney who drafted the agreement, were accountants. An examination of the agreement reveals ineptness of language, particularly when the provisions or words are defined in technical accounting terms. The meaning of "income," "gross income," or "net income" is not consistent or precise, if such terms are viewed in their technical accounting sense. Since it is the intention of the parties with which we are primarily concerned, it is the meaning of the language as understood by the parties which is determinative of the issue. See Coney v. Rockford Life Ins. Co., 67 Ill App2d 395, 214 NE2d 1. Defendant emphasizes the possible inconsistencies which might arise if the accounting terms were applied technically, but in our view of this case, the argument is invalid because there is no indication that the defendant in particular, or in fact either of the parties, used such terms in their technical sense. We believe the language of the agreement amply supports the Master's general conclusion that the parties intended to divide the proceeds after payment of the expenses, including rent and salary.

This is not a case where evidence of the partnership business is lacking. There is ample evidence of the receipts and disbursements during the period involved and

therefore, Fineman v. Goldberg, 329 Ill 507, 161 NE 57, Donaldson v. Donaldson, 237 Ill 318, 86 NE 604, and Rogers v. Guthrie, 264 Ill App 525, authorities relied upon by defendant, are inapplicable.

■ We also believe that the deduction of plaintiff's salary before dividing the proceeds is in accord with the agreement of the parties and is not contrary to any principle of law. The Uniform Partnership Act, c 106½, § 18(f), Ill Rev Stats provides, "The rights and duties of the partners in relation to the partnership shall be determined, subject to any agreement between them, by the following rules: (F) No partner is entitled to remuneration for acting in the partnership business, . . . ." Defendant contends the foregoing section precludes deduction of plaintiff's salary before division of profits. The significant language of such section is ". . . subject to any agreement between them . . . ," and it follows that there is no general prohibition against compensating partners for services. It is not uncommon for partnership agreements to provide, as does the agreement in the instant case, for the modification of a percentage sharing agreement in accord with the different situations or abilities of the partners. ·

We also find no merit in defendant's argument that the parties must be presumed to have intended a different result than that reached by the Master in Chancery because of the Internal Revenue Code. If, as we have already held, the parties did not use accounting terms in their technical sense, how can it be said that they entered into the agreement to implement a provision of the Internal Revenue Code? The Code, which requires the payments be "guaranteed" in order that they have certain consequences, is of no assistance in the instant case. In Foster v. United States, 221 F Supp 291, affirmed 329 F2d 717, cited by defendant, the partnership agreement involved clearly described the periodic payments

as withdrawals of anticipated profit, and not even the taxpayer made any contention to the contrary.

In our view, there is nothing in the agreement from which it can reasonably be inferred that the parties intended that rent, payable to defendant, or salary, payable to plaintiff, were to be treated differently and accordingly, we believe that the Master's determination based on similar treatment of such items is the proper determination.

Defendant also argues that the decree is erroneous because it is contrary to indisputable evidence. Each party presented the testimony of an accounting expert. Each party also presented an exhibit summarizing the financial transactions of the partnership. There are some differences in the totals of deductible items between the two accounting exhibits.

When counsel for defendant presented defendant's accounting exhibit, he indicated he was aware that he had not presented a proper foundation, but thought as a matter of convenience the exhibit could be considered in the absence thereof. Plaintiff's counsel objected to the admission of such exhibit in the absence of a proper foundation. Defendant's accounting exhibit was delivered to plaintiff's counsel with the indication that the two exhibits should be compared and reconciled, if possible. The hearing ended with the understanding that if plaintiff's counsel would withdraw his objection to the admission of the accounting exhibit, the exhibit would be admitted and defendant would rest. Several days later, plaintiff's counsel notified the Master that on the basis of the previous understanding, it would withdraw its objection to the admission of the exhibit. Thereupon, the presentation of evidence was considered complete and the Master made his determination, which determination accepted the figures in plaintiff's exhibit rather than defendant's exhibit.

Defendant argues that such determination is erroneous because it failed to honor a stipulation concerning the correctness of defendant's exhibit. Furthermore, according to defendant, his exhibit should have been accepted as true as a matter of law because plaintiff's exhibit was prepared therefrom.

We find no merit in either of defendant's arguments. No stipulation was entered into regarding defendant's exhibit. Withdrawing an objection to an exhibit because of lack of proper foundation is not a stipulation and cannot be enlarged to warrant the conclusion that the parties have thereby agreed that the facts contained in the exhibit are true. Defendant's additional assertion that plaintiff's exhibit was prepared from defendant's exhibit is not supported by the record. The accounting exhibits were prepared from the same sources, i. e., books and records of defendant and audits thereof. They were not prepared from one another. Accordingly, we find no error in the Master's decision to base his findings on the totals indicated in plaintiff's exhibit.

For the foregoing reasons the decree of the Circuit Court of Tazewell County is affirmed in part, reversed in part and remanded with directions that the decree be modified to conform with the report of the Master in Chancery.

Decree affirmed in part, reversed in part and remanded with directions.

ALLOY and RYAN, JJ., concur.